Nov. Term,
1857.

SHAW *v.* SAUM.

SHAW
v.          9   517
SAUM.    149  406

Where instructions to the jury, taken together, express the law, at least fairly enough for the appellant, the judgment will not be reversed because parts of them, taken separately, may be erroneous.

APPEAL from the *Henry* Court of Common Pleas.    *Tuesday,*
*December* 1.

PERKINS, J.—Suit upon an account for boarding the defendant, &c.

Answer, in one paragraph, denying the complaint, and in another, claiming a set-off. Reply, denying the claim of set-off. Jury trial. Verdict for the defendant. Motion for a new trial overruled, and judgment on the verdict.

The Court gave the following instructions to the jury:

"This is an action brought by the plaintiff to recover from the defendant, for boarding and other items contained in his bill of particulars.

"If the jury believe from the evidence, that the defendant boarded with the plaintiff, in the absence of any arrangement or understanding to the contrary, the law will imply a promise on her part, to pay what it was reasonably worth.

"If, however, the jury believe from the evidence, that the defendant and her daughter went to live with the plaintiff at his request, and remained with him about a year as visitors and members of his family, under circumstances which go to show that, at the time they went to live with him, no compensation was expected by him, the presumption which the law raises, that the defendant should pay for her board would be repelled, and the plaintiff cannot recover. If, however, the jury believe from the evidence, that the defendant agreed to pay for her board, and expressly promised to do so, the law implies that she agreed to pay what the board was reasonably worth.

"If the jury believe from the evidence, that the defendant and her daughter boarded with, and labored in the family of the plaintiff, and her labor was equal in value to the value of the board furnished the defendant, the plaintiff cannot recover for the board.

"The jury determine the case from the preponderance of

Nov. Term,
1857.

SHAW
v.
SAUM.

the evidence, and they must find a verdict according as that evidence does preponderate.

"If the defendant boarded at the plaintiff's, as charged, the law presumes that it was to be paid for, and if there was no agreement as to the price, then the rule would be that the defendant should pay its reasonable value in that vicinity.

"If the defendant claims that she was there as a relative, and as a member of the plaintiff's family, and was not to pay for the boarding, it devolves upon the defendant to show that state of facts; and in the absence of such proof, the fact that defendant is a sister to plaintiff's wife, is not sufficient to raise the presumption that the boarding was not to be paid for; and the plaintiff would be entitled to recover the value. But if the relationship has been proved, that may be a circumstance, which, taken in connection with other circumstances, may repel the presumption that any compensation was desired or expected by the plaintiff."

Counsel contends that certain parts of these instructions, taken by themselves, are erroneous; and we have copied them entire, not as a model of brevity and logical arrangement, but to show, in answer to the objection of counsel to parts, that, taken as a whole, they, at least fairly enough for the plaintiff, express the law. And, in such case, no reversal can be had on his application, on account of the instructions. See the cases in *Clark* v. *Casler*, 1 Ind. R. 243.

Counsel insists that they assume, outside of the evidence, that the defendant may have been a visitor and sister of the plaintiff.

Such is not the fact. There is evidence upon both these points.

It is claimed in the argument on one side, that the record does, and on the other that it does not, contain all the evidence. We incline to think the record cannot be treated as containing all the evidence; but in either view, the judgment below cannot be reversed. If the record does not contain all the evidence, we must presume it justified the verdict. If it does, there is enough to sustain the finding

of the jury.   One witness who possessed knowledge, testi-
fied against several who had not knowledge.   The record
states that the plaintiff gave in evidence, the depositions
copied into the record, and that the defendant introduced
one witness, "brief notes" of whose evidence are copied;
and that this was all the evidence, &c.

Now, the record informs us as to all the items of evi-
dence given, but contains but "brief notes" of one of them.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. Grose*, for the appellant.

*J. H. Mellett* and *E. B. Martindale*, for the appellee.

Nov. Term,
1857.

(1) Counsel for the appellant cited the following authorities:

1. Where the evidence is conflicting upon a question purely of fact, in the
decision of which no principle of law is violated, the verdict will not be dis-
turbed.   *Mann* v. *Clifton*, 3 Blackf. 304.—*Weinzorpflin* v. *The State*, 7 *id*. 186.
—*Newby* v. *Vestal*, 6 Ind. R., 412.—*Chase* v. *Kendall, id*. 304.

2. The charge of the Court was right in principle.   *Newell* v. *Keith*, 11 Verm.
R., 214.—*Oxford* v. *McFarland*, 3 Ind. R. 156.