## WRIGHT and WIFE *v.* GULLY.

FRAUD.—VENDOR AND VENDEE.—In an action to recover the purchase money of real estate, the defendant answered that at the time of the purchase the plaintiff falsely and fraudulently represented that a certain stream which flowed through the land did not rise high enough to wash the lands or fences; that the defendant relied upon said representations, whereby he was damaged. On the trial the court refused to instruct the jury, that if at the time of the sale the plaintiff made the representations complained of, and the defendant relied upon them, and did not investigate the facts for himself, and if the defendant would not otherwise have purchased, that he was entitled to damages. The court did instruct the jury, that if the defendant was present upon the premises, and it was readily to be seen that the stream did overflow, or if he could have informed himself as to the facts, but failed to do so, he could not recover, unless the plaintiff induced him not to use his opportunities of knowledge.

*Held,* that a state of facts might exist in which the court would have been justified in refusing the one and giving the other instruction, and that as the evidence is not in the record, this court will presume in favor of the action of the court below.

APPEAL from the *Decatur* Circuit Court.

RAY, J.—Suit by *Gully* against *Wright* and wife, on a note and mortgage. The answer was that the note was given as part of the purchase money for real estate bought by *Wright* of *Gully;* that at the time of the sale of the said real estate said *Gully* falsely represented to said *Wright* that a stream of water which ran through said land had not washed or carried away fences from said land, and would not wash and overflow the same and carry away the fences, bars and water-gaps, &c., situate thereon; that the said *Gully* had lived on the land for many years, and knew that these representations were false and untrue; that *Wright* was ignorant of the facts in the premises, and relied on the representations of the said *Gully,* and did not make a careful inspection of said real estate, and was prevented from doing so by the representations of *Gully;* that he was damaged in the sum of $500, and as to that amount he demands judgment. Reply in denial. Trial, and judgment below, in favor of the plaintiff, for the full amount of the note, and a decree of foreclosure of the mortgage. Motion for a new trial made at the proper time and overruled.

The errors complained of arise upon the instructions given and refused by the court. The charge asked for, and upon the refusal to give which the first assignment of error arises, is as follows:

"If the jury believe, from the preponderance of the evidence in this case, that the plaintiff, *Gully,* at the time of the sale of the farm in controversy, falsely and fraudulently represented to the defendant *Wright,* that the stream of water passing through said land would not rise high enough, and had not risen high enough in the past, to wash away the water-gates and fences situated upon said land, and that the defendant, relying upon these representations and be-

lieving them to be true, did not therefore investigate their truth or falsity, and that but for said representations the said defendant would not have purchased the said farm, then you should allow the said defendant such damages as he has sustained by reason of said false representations."

The court did instruct the jury that, "if the real state of the case was open to the defendant's observation, and he was present on the premises where the stream flowed through the same, he would not be authorized to rely upon representations made. He must make use of ordinary prudence and sagacity, and if it was open and palpable to his senses that the stream did and would overflow and wash away the fences, &c., he is not entitled to damages. If the means were at hand by which the defendant could have informed himself as to the real state of facts in relation to this matter, and he failed to avail himself of such means, it is his own folly and he cannot be allowed damages, unless the plaintiff induced him not to make use of such opportunities as were at his command."

The evidence is not in the record, and it seems to us that a state of facts may have been disclosed by the evidence which would fully sustain the action of the court in refusing the instruction asked, and in the giving of those set out. Indeed, we find it a matter of some difficulty and doubt to suppose a case where the instructions given would not correctly state the law.

The judgment is affirmed, with four per cent. damages and costs.

*J. S. Scobey, J. Gavin* and *G. B. Gryden*, for appellants.
*W. Cumback, S. A. Bonner* and *J. D. Miller*, for appellee.