## No. 7224.

## THE CITY OF HUNTINGTON *v.* BREEN ET AL.

NEGLIGENCE.—*City.*—*Sidewalk.*—*Pleading.*—*Complaint.*—In an action against a city for injuries received on account of a defective sidewalk, the allegation in the complaint, that, in passing a dangerous place near the sidewalk, the plaintiff "accidentally, and without fault on her part, fell over the steep descent," etc., and was injured, is a sufficient allegation of the plaintiff's freedom from fault.

SAME.—*Contributory Negligence.*—In such case the plaintiff had a legal right to go upon the sidewalk, though there may have been other walks as convenient and less dangerous, and the mere exercise of that right would not be negligence on her part.

SAME.—*Ownership of Lots Along Sidewalks.*—In such action the plaintiff can not be required to state in the complaint the ownership of the lots along which the accident occurred.

SAME.—*Liability of City for Injuries on Account of Defective Sidewalk.*—Where a defective and unsafe condition of a street or sidewalk in a city is caused by the act or omission of a third person, and the city, after due notice of the defect, fails to have it remedied within a reasonable time, it is as much responsible for an injury caused thereby as if the defect had its origin in the acts of the city itself, through its officers in charge of the streets, or otherwise.

SAME.—*Knowledge.*—*Instruction.*—Upon the trial of such action, it was not error to refuse to instruct the jury, that, if the proof showed that the plaintiff had knowledge, at the time she entered upon the place of danger, of its existence, she must prove that she used more than ordinary care and prudence in passing such place, before she can recover.

SAME.—*Contributory Negligence.*—*Question of Fact.*—Where, as in this case, the question of contributory negligence is one of fact to be determined by the jury, an instruction that sought to take from the jury the decision of such question was correctly refused.

SAME.—*Evidence.*—*Damages.*—*Husband and Wife.*—In an action by a husband and wife, against a city to recover damages for injuries sustained

The City of Huntington *v.* Breen *et al.*

by the wife, in consequence of the defective condition of one of the sidewalks of the city, evidence of the wife's pain and suffering, on account of the injuries received, is competent to be considered in assessing the damages.

SAME.—*Practice.*—*Admission.*—In such case the defendant, by pleading in bar instead of abatement, admitted the capacity in which the plaintiffs sued, and proof that they were husband and wife was unnecessary.

SAME. — *Jury.* — *Interrogatories.* — By consenting to the discharge of the jury without objection to answers to interrogatories returned with the verdict, the defendant accepts them as sufficient.

SUPREME COURT.— *Witness.*—*Practice.*—A different ground of objection to a question asked a witness, from that made in the trial court, can not be urged in the Supreme Court.

From the Huntington Circuit Court.

*B. F. Ibach* and *B. M. Cobb*, for appellant.
*J. B. Kenner* and *J. J. Dille*, for appellees.

WORDEN, J.—This was an action by Mary Ann Breen and her husband, to recover damages for an injury alleged to have been sustained by the female plaintiff in consequence of the defective and dangerous condition of one of the sidewalks in the city. Issue, trial, verdict and judgment for the plaintiffs.

It is claimed that the complaint was defective on demurrer, in not showing that the injured plaintiff was herself free from fault. The allegation in this respect is, that the injured plaintiff "was walking over the sidewalk above mentioned; that when, in passing the dangerous fall above mentioned, she accidentally, and without fault on her part, fell over the steep descent, among the stones, and was seriously injured," etc. The allegation in respect to the injured plaintiff's freedom from fault seems to us to have been sufficient. The counsel for the appellant say: "The words 'without fault' are used, but in such a connection as to confine them exclusively to the time and place of falling. She may have been very much in fault before she fell—careless and unconcerned of the consequences, in going to that point. She alleges no reason for going on this street; she says this

was the only walk north on Jefferson street, thereby saying that there were other safe walks north, but not on this street.'' The plain answer to this seems to be that the plaintiff had the legal right to go upon the sidewalk in question, though there may have been other walks as convenient and less dangerous, and the mere exercise of that right could not, of itself, involve fault or negligence; and if, in the exercise of the right, she was guilty of no fault, none can be imputed to her. The objection to the complaint was not well taken.

The defective sidewalk and place where the injury occurred are described in the complaint as being ''on the west side of Jefferson street, between Matilda street and Tipton street,'' within the corporate limits of the city. The defendant moved, at the proper time, that the plaintiffs be required to make their complaint more certain and specific, ''in this, that it show along whose lots and at what point the accident alleged occurred;'' but the motion was overruled and exception taken. There was no error in overruling this motion. Conceding that it might have been proper to require the complaint to be made more certain as to the locality of the accident, still the plaintiffs could not be required to take upon themselves the burden of showing the ownership of the lots along which the accident occurred. The motion required such ownership to be stated. The plaintiffs could not be required to enquire into or state such ownership. The motion was an entirety and was properly overruled.

The defendant pleaded the general denial, and, also, another paragraph containing nothing which could not probably have been given in evidence under the general denial. The latter paragraph contained the following allegations, which the court struck out on motion of the plaintiffs, viz.: ''That, on the side where she fell off, owing to the carelessness and negligence of the owner of the lot bordering on

said sidewalk, there was no railing put up by the owner thereof, but the owner left the same unprotected, leaving a perpendicular descent of about five feet, and that the owner left the same negligently open and unprotected by proper barricades; that the sidewalk where the plaintiff was injured, if injured, was built by the owners of the lots bordering thereon, and not by this defendant, and was left unbarricaded and unprotected on the west side as alleged in the complaint, without the consent of this defendant."

No error was committed by the striking out. The sidewalk was a public one, and notice to the city of its defective and dangerous condition was alleged in the complaint. In such case it is not material, for the purposes of the question involved, whether the sidewalk was constructed by the city or by the owner of adjoining property. In either case it would be the duty of the city to keep the sidewalk in a reasonably safe condition for travel in the usual modes. Where a defective and unsafe condition of a street or sidewalk in a city is caused by the act or omission of a third person, and the city, after due notice of the defect, fails to have it remedied within a reasonable time, it is as much responsible for an injury caused thereby as if the defect had had its origin in the acts of the city itself, through its officers in charge of the streets, or otherwise. *Higert* v. *The City of Greencastle*, 43 Ind. 574; *Grove* v. *The City of Fort Wayne*, 45 Ind. 429; *The City of Fort Wayne* v. *De Witt*, 47 Ind. 391; *The Town of Elkhart* v. *Ritter*, 66 Ind. 136.

A question is made as to the sufficiency of the evidence, but, in our opinion, there was evidence sufficient to sustain the verdict. The damages assessed, $300, were scarcely compensatory, considering the extent of the injury as shown by the evidence.

The appellant claims that a new trial should have been granted because the plaintiffs failed to prove that they were husband and wife. Such proof was unnecessary. By plead-

ing in bar, instead of abatement, the defendant admitted the capacity in which the plaintiffs sued. *Ricket* v. *Stanley*, 6 Blackf. 169.

In addition to the general verdict, the jury returned answers to interrogatories propounded by the defendant. The defendant moved for a *venire de novo*, on the ground that the answer to one of the interrogatories was insufficient, but the motion was overruled. There was no error in this. Whether a *venire de novo* would be the proper remedy, had the proper steps been taken, to require a more specific answer, we need not decide. Upon the return of the verdict, including the answers to interrogatories, into court, the defendant made no objection to the answers as made, but suffered the jury to be discharged. When the jury returned the answers, the defendant, if it deemed them, or any of them, insufficient, should have asked the court to require the jury to make them more certain or specific. By consenting to the discharge of the jury, without objection to the answers, the defendant accepted them as sufficient, and has nothing, in that respect, of which it can complain. *McElfresh* v. *Guard*, 32 Ind. 408; *Vater* v. *Lewis*, 36 Ind. 288; *Bradley* v. *Bradley*, 45 Ind. 67; *West* v. *Cavins*, 74 Ind. 265.

The defendant asked the following charge, which the court refused, viz.: "If the proof shows that the plaintiff had full knowledge, at the time she entered upon the place of danger, as alleged in her complaint, that the place of danger existed, she must prove that she used more than ordinary care and prudence in passing along the said place of danger, before she can recover." The court gave the charge in a modified form, but we do not understand the appellant as claiming that the charge as given was erroneous. It is claimed, however, that the charge should have been given as asked. It is doubtless true, that, if the plaintiff had notice of the dangerous character of the sidewalk where she was.

hurt, before and at the time she entered upon it, she would have been required to exercise more care in passing than if she had had no notice of it.   Ordinary care and prudence are relative terms.   What would be ordinary care under one set of circumstances might be negligence under another. What would be ordinary care and prudence in a person having no notice of the dangerous place in the sidewalk, might be negligence in one having such notice.

It is said in 2 Thompson on Negligence, p. 1203, sec. 52, that "Knowledge of a defect existing in the highway is not, in general, conclusive evidence of negligence in attempting to pass it.   One injured upon a street he knew to be dangerous need not show .that he exercised *extraordinary* care while upon such street.   *A fortiori*, he is not obliged to keep off from such street altogether.   One may proceed if it is consistent with reasonable care to do so ; and this is generally a question for the jury, depending upon the nature of the obstruction or insufficiency of the highway, and all the surrounding circumstances.   Of course, if one is familiar with such defect, it is his duty to use more care in passing it than if he was wholly ignorant of its condition."

The charge asked might have misled the jury, who might have understood from it, that, if the plaintiff had notice of the defect in the sidewalk, she would be bound, in order to recover, to prove that she exercised more than what would be ordinary care and prudence *under the circumstances, including such notice*.   It seems to us that the charge was properly refused.

The appellant claims that the court erred in refusing to give its second, third, fourth and fifth instructions asked. These instructions are noted on the margin of the record as given ; but, if refused, they were correctly refused for the reason, if for no other, that they sought to take from the jury the decision of the question of fact as to contributory negligence on the part of the plaintiff.   This, under the cir-

cumstances, was a question of fact to be determined by the jury. See *The Ohio and Mississippi R. W. Co.* v. *Collarn*, 73 Ind. 261.

The appellant objects to the several instructions given by the court. The first, it is said, "should have been explained, as it left the jury in doubt, not saying anything of the plaintiffs' case." We think the charge was correct so far as it went, and if the appellant desired any explanation it could have been asked.

It is objected that the second, third, fifth and eighth were not applicable to the case made by the evidence; but it seems to us that there was evidence to which the charges were applicable.

The substance of the fourth charge was that the plaintiff had the right to travel the sidewalk where she was hurt, and that negligence would not be imputed to her for doing so, though she had knowledge of the dangerous fall in the sidewalk. There does not seem to us to be any error in this charge. The law will not impute negligence to a party for merely doing that which he has a legal right to do.

Two items of evidence are objected to. The first is "the extent of the plaintiff's pain and suffering" in consequence of the injury. This was competent to be considered in assessing the plaintiff's damages. If the action had been by the husband alone to recover damages for the loss of his wife's services, if such action could be maintained, a different question would have been presented.

The second item is the following: Mrs. Breen, while being examined as a witness, was asked by her counsel the following question: "What carelessness were you guilty of in passing along the place of danger?" To this question the defendant objected on the ground that it was "leading and irrelevant." The objection was overruled, and the witness answered, "I was not guilty of any carelessness."

The objection made to the evidence in this court is, "that

the acts should have been given and the jury conclude whether they constituted carelessness." As the objection made below to the evidence is not noticed here by counsel, and as the objection urged here was not made below, we need not further consider the question. *Bruker* v. *Kelsey*, 72 Ind. 51.

We have thus considered the grounds upon which a reversal is sought, and find no error in the record.

The judgment below is affirmed, with costs.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.