No. 9810.

RICKETTS v. RICHARDSON ET AL.

LANDLORD AND TENANT.—*Lease.*—*Notice to Quit.*—Under a lease of buildings, at a specified rental, to be paid on a day certain, and of farming lands, to be paid for by a share of the crops, there being a failure to pay the rental for the buildings at the time fixed, which was before the maturity of the crops, the entire tenancy can not be terminated by a ten days' notice.

SAME.—*Forfeiture.*—A covenant by a tenant to keep down the briars, weeds and sprouts in the fence corners, does not give liberty to postpone its performance until the end of the term; but a breach would not enable the landlord to end the tenancy by a ten days' notice.

SUPREME COURT.—*Instructions.*—*Evidence.*—An instruction to the jury to find for a defendant can not be deemed erroneous by the Supreme Court, where the record does not contain any of the evidence.

From the Ripley Circuit Court.

*J. B. Coles*, for appellant.

*J. S. Jelley*, for appellees.

BICKNELL, C. C.—The complaint in this case stated that the appellant made a written lease of certain lands to the appellees Richardson and Conner; that they failed to pay the rent and failed to comply with other stipulations of the lease, and had put the appellee Cochran in possession of part of the premises; that defendants had been duly notified to quit and deliver up the premises in ten days, which had expired before suit was brought. The complaint demanded possession of the premises and $100 damages. The defendants answered by a general denial. The cause was tried by a jury, who returned a verdict for the defendants. The plaintiff moved for a new trial "because the court erred in giving to the jury, of its own motion, instructions numbered 3, 9 and 14, and each of them."

This motion was overruled, judgment was rendered on the verdict, and the plaintiff appealed. The only error assigned is overruling the motion for a new trial.

The following are the instructions objected to:

"3. The notice having been given to give up the entire premises, including said house, and the defendants not having agreed to pay for the use of said land a money rent, but a part of the crop when raised and matured, the service of said notice did not give said plaintiff a right to the possession of said premises at the end of ten days after service of said notice, or any time thereafter, because of the failure to pay said rent for said house. Therefore, when suit was commenced, the plaintiff was not entitled to the possession of said leasehold.

"9. Under the contract the defendants had during the existence of said lease, that is, until March 1st, 1881, to clean out the fence corners; therefore, as to this, the action was prematurely brought.

"14. All that I have heretofore said applies to the case as to the plaintiff and the defendants Conner and Richardson. In no event will you find against the defendant Cochran."

The bill of exceptions does not contain or purport to contain any of the evidence except the lease and the notice to

quit. In the absence of any evidence as to Cochran, the 14th instruction was right.

The lease was as follows:

" The said Conner and Richardson agree to raise a crop of corn consisting of thirty-six acres, and six acres of potatoes (each party furnishing half the seed), on the farm of Ricketts. The land to be cultivated by the said Conner and Richardson is situated on the ridge between the dwelling-house that Ricketts occupies and the one he used to live in, except the grass land on said ridge. The crop must be planted in good time and in good order, and saved in proper time and condition, and one-half that is raised is to be delivered at Rising Sun for Ricketts. All weeds and grass and sprouts and briars must be kept down during the season. The said Conner and Richardson are to have the use of the house and garden that Anderson occupies, until the first day of March, 1881, and also the barn, except the granary, for the same time; and for the use of said house, garden and barn, the said Conner and Richardson agree to pay, on the first day of September, 1880, $25. Six acres on the northeast corner of the farm is to be sown in oats, each party furnishing half the seed, and the oats divided equally and the straw pressed and delivered one-half at Rising Sun for Ricketts. The grass is to be cut in good time and order, and pressed and delivered, one-half of it, at Rising Sun, for Ricketts, Ricketts paying for the use of the press. The said Conner and Richardson have the privilege of turning their work horses and milch cows on the blue-grass pasture between March 1st, 1880, and November 1st, 1880; the firewood must be taken in the blue-grass pasture, between the gate on the branch and the sycamore log across it above said gate, and out of timber that is not fit for rails or house logs. The said Conner and Richardson agree to haul and spread on the ground all the manure that is or may be at the different places on the farm in the spring. If their horses and cattle are roguish or get into the fields that are cultivated on either side of the branch, then they are to confine them or repair the fence.

Ricketts *v.* Richardson *et al.*

The briars and weeds and sprouts are to be kept down in the fence corners, the same as in the fields.

[Signed]        " JOSEPH P. RICHARDSON.

        " SANFORD R. CONNER.

        " JAMES C. RICKETTS."

The notice to quit was as follows:

" NOTICE.—Sanford Conner, Joseph P. Richardson and Benjamin Cochran, you are hereby notified to deliver up to me, at the expiration of ten days from the time of receiving this notice, the possession of the following premises: That part of the northeast and southeast quarters of section nineteen, township three, of range one west, in Ohio county, which you cultivated in corn, wheat, barley, oats and potatoes; and also the dwelling-house and barn on said southeast quarter of said section nineteen as aforesaid (the foregoing described land and property is now held of me by you as tenants) unless the rent due for said premises is paid within that time.

        (Signed)      " JAMES C. RICKETTS."

This notice appears in the bill of exceptions as a part of the plaintiff's complaint. The complaint avers that it was served on the 4th day of November, 1880; but this averment is denied by the answer, and there is nothing in the record which shows how or when or by whom the said notice was served.

The third instruction of the court was, substantially, that upon such a contract such a notice to quit would not determine the tenants' right to the entire premises. The language is that such a notice did not give " the plaintiff a right to the possession of said leasehold." This was strictly true; these proceedings are in the nature of forfeitures. If land be leased for cultivation, and a house with it, in the same contract, and the land is to be paid for by half the crop, and the house to be paid for by $25, payable six months before the expiration of the lease, the non-payment of the $25 will not authorize the landlord to determine the entire lease by a ten days' notice to quit.

The appellant claims that he was entitled to recover possession at least of the house, garden and barn. Instruction No. 3 makes no statement as to that, and the appellant asked for no instruction to that effect. The instruction given being right upon the proposition it embraced, if the appellant desired a special instruction as to the house, garden and barn, he should have demanded it. *White* v. *Beem,* 80 Ind. 239; *Reissner* v. *Oxley,* 80 Ind. 580; *Adams* v. *Stringer,* 78 Ind. 175.

The ninth instruction was erroneous; the meaning of the contract is, that the weeds, etc., in the fence corners are to be kept down the same as in the fields, that is, during the term; but the breach of such a stipulation would not authorize the landlord to determine the tenancy by a ten days' notice to quit, and there being no right to recover the possession of the leased land, there could be no damages for withholding the possession. The error, therefore, in the ninth instruction was a harmless error, and will not warrant the reversal of the judgment.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.