No. 9182.

## NAVE ET AL. *v.* FLACK.

NEGLIGENCE.—*Complaint.*—*Liability of Trader.*—A complaint, alleging that the defendant was a dealer in grain, having a warehouse for the storage thereof, with a drive-way thereto and therein by which his customers might reach a place for discharging grain into such warehouse, which way was a passage so dark that defects could not be seen, and which was negligently kept by the defendant in a dangerous condition; that the plaintiff was ignorant thereof, and, having sold to the defendant a load of grain, attempted to obey the defendant's direction to pass the same with his team along the way, and was, without his fault and wholly by reason of the dangerous condition of the way, crushed and injured, is good on demurrer.

SAME.—*Business Place.*—*Approaches.*—A trader is bound to maintain in a reasonably safe condition the approaches to his premises which are intended for the use of his customers, and a breach of this duty, resulting in injury to a customer who is himself free from fault proximately contributing thereto, gives a right of action.

SAME.—If the way was really dangerous, the fact that many others had used it without injury was immaterial.

Nave *et al. v.* Flack.

SAME.—*Definition of "Accident."*—The word " accident," in a restricted sense, means an injury to which human fault does not contribute, but it is also used to designate occurrences arising from carelessness.

SAME.—In such case, mere contribution by the plaintiff to the injury will not bar the right of action, and in the case stated it was not negligence on the part of the plaintiff to drive upon the way unless he had knowledge of the danger of doing so.

SAME.—*Contributory Negligence.*—Contributory negligence bars the plaintiff's right of recovery only where it is a proximate, and not a remote, cause of the injury.

SAME.—*Knowledge of Defect in Drive-Way.*—Mere knowledge by the plaintiff that a way is dangerous will not prevent a recovery for injury resulting from an attempt to use it, unless the danger be so great that a person of ordinary prudence would not voluntarily encounter it.

EVIDENCE.—*Admissions.*—*Admissibility.*—Evidence which legitimately tends to prove an admission by the defendant of a single fact which helps to make the plaintiff's case, may be admitted without error.

SAME.—*Order of Proof.*—*Discretion.*—The admission of evidence in rebuttal, which is only proper in chief, is not available error.

SAME.—*Practice.*—*Supreme Court.*—Unless specific objection to evidence be stated when the objection is made, no question in the Supreme Court can be made upon a ruling admitting it.

From the Tippecanoe Circuit Court.

*M. Milford, R. C. Gregory, W. B. Gregory, J. R. Coffroth, T. A. Stewart, J. E. McDonald, J. M. Butler, A. L. Mason* and *J. E. Schoonover,* for appellants.

*W. C. Wilson* and *J. H. Adams,* for appellee.

ELLIOTT, J.—The appellee's complaint alleges that the appellants were dealers in grain; that for the purpose of carrying on their business they had constructed scales for weighing wagons loaded with grain, a warehouse for receiving and storing grain, and had prepared approaches to their scales and warehouse; that they invited persons to sell them grain, and held out this invitation to the public generally; that the appellants carelessly and negligently permitted to be constructed and used an insecure drive-way, and failed to light the same, although it was the only way in which the scales and warehouse could be reached with wagons and teams, and afforded the only mode of access for persons delivering

grain to the appellants; that on the 23d day of September, 1878, appellee brought to the appellants a wagon loaded with corn, drawn by two horses; that the grain was bought by them, and that by the direction of the appellants the appellee drove his team and wagon upon and along the drive-way for the purpose of unloading the corn; that being ignorant of the dangerous condition of the drive-way, and being directed to go on by the appellants' agent, he drove along the way; that it was dark, narrow and with but little space between the floor and ceiling; that after passing partly along the drive-way there was an elevation in the floor, bringing nearer together the floor and ceiling; that the change in the level of the way was not visible or easily discoverable, for the reason that the way was dark; that in passing over said way, and without fault on his part, but wholly through the negligence of appellants, appellee was caught between the timbers of the ceiling of the warehouse and drive-way and seriously injured.

We have no doubt of the sufficiency of this complaint.

A man who invites others to deal with him, and provides a place where persons may deliver articles bought by him, is bound to use reasonable care to make and keep the approach to such place in a reasonably safe condition for use for the purposes for which it was intended. 1 Thomp. Neg. 307. A dealer owes a duty to make reasonably safe all the approaches to his premises which are intended for use by his customers, and a breach of this duty will supply one who is injured, without his negligence contributing, with a cause of action. This duty is, however, owing only to those who go upon the premises by express or implied invitation, and does not extend to mere intruders. *Lary* v. *Cleveland, etc., R. R. Co.,* 78 Ind. 323; S. C., 41 Am. R. 572; *Everhart* v. *Terre Haute, etc., R. R. Co.,* 78 Ind. 292; S. C., 41 Am. R. 567.

A man is not guilty of contributory negligence who acts upon the direction of the servants of the owner of the premises, and proceeds along a way which is maintained as an approach to the premises, unless he knows or has reason to believe

that the way is unsafe. It is averred in the complaint before us that the plaintiff had no knowledge of the unsafe condition of the drive-way, and that he proceeded upon it under the direction of appellants' servant, and, as under these circumstances he was warranted in acting upon the directions given him, he was not guilty of negligence. *Lake Erie, etc., R. W. Co.* v. *Fix,* 88 Ind. 381, and authorities cited; Wharton Neg., section 352.

In cases where there is nothing to warn of danger, and nothing to indicate that a duty has not been discharged, a person to whom the duty is owing has a right to act upon the presumption that it has been performed. Of course, persons must always make use of their natural faculties; and not go carelessly or heedlessly into danger; but, while this is true, it is also true that they are not bound to do more than exercise ordinary care, and ordinary care does not require that one should anticipate a violation of duty and provide against its consequences. In this instance, the duty of the appellants was to maintain the approach provided by them for the use of their customers in a reasonably safe condition for use for the purposes for which customers were given, either expressly or impliedly, to understand it was intended, and, as there were no appearances of danger and no indications of neglect of duty, the appellee was justified in presuming that the duty had not been neglected, and that the drive-way might be safely used.

It is not only common carriers and persons engaged in business of a kindred nature that are bound to provide safe means of ingress and egress to the places to which they invite, either by express words or fair implication, persons to come and deal with them, but this duty extends to persons engaged in general mercantile business, as merchants, grain dealers, and the like. There has been some discussion as to whether this duty is owing to mere guests, but there seems to be no difference of opinion upon the proposition that this duty is owing to all who are invited to come to the premises on business. It would be a reproach to the law, if it permitted a business man

Nave *et al. v.* Flack.

to invite others to come to his premises for his own benefit and yet permit him to maintain the way by which the customer must come and go, in an unsafe condition. Shearman & Redf. Neg., section 499a; *Sweeny* v. *Old Colony, etc., R. R. Co.,* 10 Allen, 368; 1 Thompson Neg. 283; Wharton Neg., sections 824a, 826; *Bennett* v. *Railroad Co.,* 102 U. S. 577.

In the twelfth instruction given by the court, the jury were fully instructed that they were to determine as questions of fact whether the place where the injury occurred was or was not dangerous, and whether appellants had or had not notice of the dangerous condition of the place, and that the fact that others had passed it in safety did not tend to disprove the fact, should the evidence show it to be the fact, that the place was actually dangerous. We approve this instruction. If the place was actually dangerous, then the fact that others had used it and escaped unhurt would not relieve the appellants from liability. The ruling question was whether the place was in truth dangerous, and if it was shown to be so then the fact that others had used it in safety would not change its character, nor deprive the appellee of his right to redress. A place proved to be unsafe may have been used without harm, but because this has been done does not alter its actual condition. Men may and do use unsafe places without receiving injury, but this does not show that a place proved to be really dangerous is not so.

The third instruction asked by the appellants is as follows:

"If the jury find from the evidence that the place where the plaintiff received the injury he complains of had been used by the defendants for many years as a drive-way to receive wagon loads of corn containing as large and larger quantities of corn than the load on which the plaintiff was hurt, and that several hundreds of thousands of bushels of corn had been hauled into the defendants' warehouse through said drive-way and nobody was injured, and that no complaint had ever been made to defendants or either of them, nor had they, or either

of them, ever heard said drive-way called of not sufficient height by any body, nor had notice thereof, and plaintiff was hurt in said drive-way in the manner he complains of in his complaint by accident, then the plaintiff can not recover."

The court did right in refusing this instruction. If the place was in reality dangerous, and the appellants were negli-gent, they are liable although the dangerous place may have been much used. The instruction makes the case turn upon the safe use by others, not upon the actual condition, and in this is erroneous.

It is contended that the word "accident" qualifies the in-struction and makes it correctly express the law. We do not think so. A pure accident, where there is an absence of neg-ligence, will not supply a cause of action, but where the ac-cident is attributable to the negligence of the defendant, it is otherwise. Shearman & Redf. Neg., section 5. The poverty of language compels the use of words in different meanings, and this is notably true of the word "accident." Strictly speaking, an accident is an occurrence to which human fault does not contribute; but this is a restricted meaning, for ac-cidents are recognized as occurrences arising from the care-lessness of men. Browne Jud. Interp. 4. The use of the word "accident" does not save the instructions before us.

The fourteenth instruction given by the court is as follows: "Mere contribution to the injury does not necessarily pre-clude the right to recover for it. It was not contributory negligence for the plaintiff to drive upon the drive-way, un-less he then had actual knowledge of its alleged dangerous or defective condition, or might have had such knowledge by the use of due care and prudence, and by the exercise of his senses and faculties. He had a right, if he was without fault contributing to the injury, to act upon the presumption that the defendants had done their duty and provided a safe and secure drive-way."

The chief point of assault is the first sentence of this in-struction. This is singled out and its fault asserted to be unan-

swerably proved. But an instruction is not to be disposed of by dissection; if good as a whole it will stand. Few rules are better settled than that an instruction is to be taken as an entirety. *White* v. *Beem,* 80 Ind. 239; *Branstetter* v. *Dorrough,* 81 Ind. 527; *Eggleston* v. *Castle,* 42 Ind. 531; *Mitchell* v. *Allison,* 29 Ind. 43; *Shaw* v. *Saum,* 9 Ind. 517.

If, however, the sentence objected to so strenuously stood alone, we could not reverse. A contribution to an injury does not preclude a recovery unless it was a wrongful or negligent contribution. Shearm. & Redf. Neg., sec. 28; *Louisville, etc., R. W. Co.* v. *Richardson,* 66 Ind. 43, 48 (32 Am.R.94). Even a negligent contribution does not necessarily bar a recovery. Unless it proximately contributes, mere negligence does not defeat a plaintiff's action. Wharton says: "Hence we may state as a general principle that, in order to defeat recovery of damages arising from the defendant's negligence, the plaintiff's negligence must have been the proximate and not the remote cause of the injury." Wharton Neg., section 303. Another author states the rule somewhat stronger, saying of the plaintiff in an action like this, that "His negligence must not only concur in the transaction, but must co-operate in causing the injury or in exposing him or his property to it." Again, it is said: "The plaintiff's fault must also proximately contribute to his injury, in order to constitute any ground of defence." Shearman & Redf. Neg., sections 32, 33. Judge Cooley says: "The negligence that will defeat a recovery must be such as proximately contributed to the injury." Cooley Torts, 679. In an instruction asked by the appellants and given by the court, the jury were plainly directed that if the appellee was guilty of contributory negligence, there could be no recovery. The definition of contributory negligence stated by appellants in the instruction given at their request is, we may remark in passing, directly opposed to the position now taken by them. In other instructions, the subject is clearly and correctly presented to the jury, and it is quite plain that appellants have no just cause of complaint upon this point.

. The mere fact that one who has a right to use a way knows that there is a dangerous place in it, will not, of itself, preclude a recovery for injuries received in attempting to use the way in a proper manner. Knowledge is always an important matter for consideration, but it does not always establish contributory negligence. If one undertakes to pass a known danger so great that no person of ordinary prudence would voluntarily encounter it, then he is guilty of contributory negligence, for no one possessing knowledge of danger has a right to go upon a way which ordinarily prudent men would avoid. If, however, the danger is known, but it is not of such a character as that a prudent man would not decline to encounter it, then the attempt to pass it is not, in and of itself, such negligence as will defeat an action. Where there is a known danger of the character just indicated, one who attempts to pass it must show that he used a degree of care proportioned to the danger which he knew was before him. If he fails to show a degree of care commensurate with the magnitude of the danger, he can not recover for injuries received in attempting to pass it. These propositions are fully sustained by our later cases, and elsewhere the adjudged cases sustain them with scarcely a breath of dissent. *Toledo, etc., R. W. Co.* v. *Brannagan,* 75 Ind. 490; *City of Huntington* v. *Breen,* 77 Ind. 29; *Murphy* v. *City of Indianapolis,* 83 Ind. 76.

Applying the law as declared in the cases cited to the evidence in this case, it clearly appears that the verdict is well supported by the evidence, and is not in any respect contrary to law.

Judgment affirmed.

### ON PETITION FOR A REHEARING.

ELLIOTT, J.—On the original hearing four briefs were presented by as many different counsel for appellants; three were lengthy, and one was addressed to a single point. In our former opinion, we considered and decided all the questions which

counsel seemed to us to regard as important and which really were so, but it is now said that we did not decide two questions presented, and should grant a rehearing.   Without stopping to enquire whether the questions were so discussed in the original briefs as to require consideration from us, under the rules of practice declared in *Millikan* v. *State, ex rel.*, 70 Ind. 283, *Richardson* v. *State, ex rel.*, 55 Ind. 381, and like cases, and not stopping to enquire whether they are now properly presented, we give them consideration.

A witness for the appellee testified, over objection, that he had a conversation with Allen, and that Allen said "He did not know how Mr. Marr would feel in regard to a compromise;" that "Allen spoke kindly of Flack, and said that if he had been there this thing would not have happened, because he would have known that he could not drive in there with that kind of a load."   The objections urged are thus stated in the only brief which touches this point.   "It was immaterial and was calculated to mislead the jury; it did not tend to support any part of the appellee's case."   It is plain that the testimony proved, or tended to prove, an admission that the drive-way was not a proper one, and this tended to support appellee's case. It is sufficient to entitle relevant evidence to admission, if it tends to support the issue upon which it is offered. 1 Whart. Ev., section 20. In *Harbor* v. *Morgan*, 4 Ind. 158, it was said: "The evidence was pertinent to the issue.   If it tended to support the defence—tended to make a single link in that defence, it should have been admitted."

In the brief which adverts to the rulings on the evidence it is said: "The court erred in admitting the testimony of John Points and Martin Clauson in rebutting evidence. If it was proper evidence it was evidence in chief."   It is an elementary rule, so familiar that we suppose all conversant with the rules of practice know of its existence and application, that the trial court may, in its discretion, permit evidence to be given in reply which would have been proper in chief.

*Merrick* v. *State,* 63 Ind. 327; *Pittsburgh, etc., R. R. Co.* v. *Noel,* 77 Ind. 110; *Case* v. *Grim,* 77 Ind. 565; *State* v. *Hudson,* 50 Iowa, 157.

The evidence was in itself competent. Where it becomes necessary to show knowledge, and that was proper here, it is competent for the purpose of showing knowledge to give evidence of injuries received at the same place by others. The authorities upon this point were fully cited in *City of Delphi* v. *Lowery,* 74 Ind. 520 (39 Am. R. 98), and that case has been cited and its doctrine fully approved by the Supreme Court of the United States in the recent case of *District of Columbia* v. *Armes,* 107 U. S. 519.

No pages of the transcript are referred to in counsel's brief, and we have for the second time examined the record to ascertain if any specific objection to this evidence were stated to the court below, and we find none. The only statement we find in the bill of exceptions is, that the "defendants objected to the evidence," and this is not sufficient to present any question here. Specific objections must be stated to the trial court and incorporated in the bill of exceptions. We have, however, now examined and decided the questions because, as the record is somewhat confused, we feared we might have overlooked the portion of the record disclosing the alleged objections, if any such record there is, and in doing this have done more than counsel's brief required us to do, for it should have referred us to the portions of the record relied on, and this it wholly failed to do.

It may not be amiss to say that we do not believe we are called upon in every case to prolong our opinions by discussing questions not properly saved, nor by incorporating into them information that a search of the record would impart to counsel. It may be proper in some cases, but it is not required in all.

Petition overruled.