Wilson v. The Trafalgar and Brown County Gravel Road Company.

---

No. 11,270.

| 93 | 287 |
|----|-----|
| 143 | 429 |
| 93 | 287 |
| 149 | 73 |

WILSON v. THE TRAFALGAR AND BROWN COUNTY GRAVEL ROAD COMPANY.

INSTRUCTIONS.—*Misuse of Words.*—The misuse of words in an instruction, as " plaintiff " instead of " defendant," when the mistake could not mislead the jury, is not available error.

NEGLIGENCE.—*Gravel Roads.—Defect.—Injury to Traveller.*—To pass over a defective highway with knowledge of the defect, is not conclusive evi-

dence of negligence on the part of the traveller, if such passage may be attempted consistently with ordinary care; but in such case greater care is due from the traveller than when he is ignorant of the defect, and if with proper care he is injured in consequence of the defect, he may recover, if those responsible for the road negligently permitted the defect.

From the Johnson Circuit Court.

*R. M. Miller* and *H. C. Barnett*, for appellant.

*G. M. Overstreet, A. B. Hunter, T. W. Woollen* and *D. D. Banta*, for appellee.

BICKNELL, C. C.—The appellant in this suit claimed damages from the appellee for injuries sustained by reason of the alleged dangerous condition of its road.

The complaint averred that in a certain part of the road there was a fill of ten feet between two hills, on which fill the defendant negligently permitted its road to be so narrow, and to have such a steep slope from its centre outward that it was dangerous and unsafe for a wagon and team, and that while the plaintiff was using great care in driving upon said fill with four horses and a log-wagon loaded with saw-logs, the wagon, by reason of the defective road, and without any fault of the plaintiff, slipped off of the fill and fell ten feet to the ground below, taking with it the plaintiff and his horses, whereby the wagon was broken, and the plaintiff and his horses were greatly bruised and injured, to his damage $3,500.

The complaint was held sufficient by this court on a former appeal between the same parties. *Wilson* v. *Trafalgar, etc., G. R. Co.,* 83 Ind. 326. The defendant's answer was the general denial. The jury found a verdict for the defendant. The appellant moved for a new trial, because of alleged error in each of the instructions. This motion was overruled; judgment was rendered on the finding; the plaintiff appealed; he assigns as error the overruling of the motion for a new trial. He claims in his brief that there was error in instruction No. 2, given by the court of its own motion, and in instructions Nos. 1, 2 and 4, given by the court at the request of the appellee.

Wilson *v.* The Trafalgar and Brown County Gravel Road Company.

The instructions given by the court, of its own motion, were as follows:

" 1. The principal allegations of the complaint put in issue by the evidence are: 1. That the defendant allowed its road to be out of repair; 2. That the road was improperly constructed and permitted to remain in an unsafe condition for the travel of the public; 3. That the injury occurred to the plaintiff without any fault or neglect on his part.

" 2. If the defendant's road was in an unsafe condition for travel, and the plaintiff had notice of the dangerous character of the road, he would have been required to exercise more care in passing over the road than if he had no notice of it. But knowledge of the defective or dangerous condition of a highway is not conclusive evidence of negligence in passing over it; he is not bound to keep off the road, but may travel over it if it is consistent with reasonable care to do so.

" 3. If the plaintiff had knowledge of the alleged defect and danger in the road, he was required to use greater care in driving over them, and if, in using proper care, as all the circumstances and the condition of the road demanded, the injury occurred to the plaintiff without any fault or negligence on his part, and wholly by the negligence of the defendant, then, if you should find the other facts for plaintiff, you should award him all the damages he has sustained.

" 4. If you find for the plaintiff you will award him such damages as will be a fair and adequate compensation for the damages sustained. There can be no standard by which you can calculate, to a nicety, the actual amount of damages in this class of cases, but the amount must rest in the sound discretion of the jury, as it is gathered from the facts in the case."

The instructions given on request of the appellee were:

" 1. If there was such a defect in the *plaintiff's* road at the place where the injury is said to have occurred, as amounted to negligence in the *plaintiff* not to have repaired it, and if

the plaintiff knew of that defect, yet he was not bound to keep off the road and not travel upon it. He might use the road for the ordinary purposes for which roads are made. But in so using it, with knowledge of such defect, he was bound to use care and means to prevent injury in proportion to the danger he might encounter by reason of such defect.

" 2. If you find from the evidence that defendant's road was improperly constructed or out of repair at the place where the plaintiff was injured, but that such improper construction or want of repair did not contribute directly to the injury, the plaintiff can not recover if the icy condition of the road alone was the cause of the injury.

" 3. To entitle the plaintiff to recover he must not only shew by a preponderance of the evidence that the defendant was guilty of carelessness or negligence causing the injury complained of, but he must also show that he himself was not guilty of any carelessness or negligence contributing to the injury. There can be no comparison of negligence, and if the plaintiff was guilty of any negligence or want of care contributing to produce the injury, he can not recover, although the defendant may have been guilty of great negligence or want of care.

" 4. If, at the time the accident happened, the defendant's road was so icy and sleek as to make it hazardous to travel over the same with a wagon loaded with saw-logs, and if the plaintiff had knowledge of this icy and sleek condition of the road from his own observation, or from warnings given by other persons to him, and if, notwithstanding such knowledge of the condition of the road, he nevertheless undertook to pass over it, and in so doing did not use such care and means as to overcome the danger resulting from its icy and sleek condition, but in any degree acted rashly or negligently, and his rashness or negligence contributed in any degree to the injury, he can not recover."

The evidence is not in the record; therefore, if the instructions objected to would be right upon any supposable evi-

dence, the judgment can not be reversed. *Dennerline* v. *Gable*, 73 Ind. 210; *Wright* v. *Gully*, 28 Ind. 475; *Ricketts* v. *Richardson*, 85 Ind. 508; *Schreiber* v. *Butler*, 84 Ind. 576.

The law, as stated by this court on the former appeal, controls all the subsequent proceedings. *Kress* v. *State, ex rel.*, 65 Ind. 106; *Bethell* v. *Bethell*, 92 Ind. 318.

In the former decision this court followed *City of Huntington* v. *Breen*, 77 Ind. 29, and adopted its language, as follows: "If the plaintiff had notice of the dangerous character of the sidewalk where she was hurt, before and at the time she entered upon it, she would have been required to exercise more care in passing than if she had had no notice of it."

The court also adopted the following from Thompson on Negligence, vol. 2, p. 1203: "Knowledge of a defect existing in the highway is not, in general, conclusive evidence of negligence in attempting to pass it. One injured upon a street he knew to be dangerous need not show that he exercised extraordinary care while upon such street. *A fortiori*, he is not obliged to keep off from such a street altogether. He may proceed if it is consistent with ordinary care to do so; and this is generally a question for the jury, depending on the nature of the obstruction or insufficiency of the highway, and all the surrounding circumstances."

The second instruction, given by the court of its own motion, is substantially in accordance, as far as it goes, with the foregoing decision. Where an instruction is so far right, but may be properly supplemented by something more, the want of such supplement will not create error in the instruction. In such a case, the party desiring such supplementary instruction should ask for it. *Dyer* v. *Dyer*, 87 Ind. 13; *Jones* v. *Hathaway*, 77 Ind. 14; *Bissot* v. *State*, 53 Ind. 408. But the instruction under consideration was supplemented by the remainder of the charge, especially by instruction No. 3, given by the court of its own motion, which states that if, with such knowledge, the plaintiff did undertake to travel the road, he must use greater care, and if in the use of proper and rea-

sonable care, under all the circumstances, the plaintiff, without any fault or negligence on his part, was injured wholly by the negligence of the defendant, then, if the jury found the other facts for the plaintiff, they should give him all the damages sustained.

The objection to the first instruction given at the request of the appellee is that by mistake the court used the word " plaintiff " instead of " defendant," in two places, telling the jury that " if there was such a defect in the *plaintiff*'s road, which the *plaintiff* negligently omitted to repair," etc. We think this mistake could not have misled the jury. A mere verbal inaccuracy in an instruction will be disregarded on appeal, where it evidently did no harm. *Chambers* v. *Kyle,* 87 Ind. 83.

We think all the instructions, taken together, presented the law fairly to the jury, appropriate to a case which may ve supposed to have been presented by the evidence. There was no error in overruling the motion for a new trial. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

