The City of Bedford v. Neal.

Filed January 24, 1896.

No. 17,537.

THE CITY OF BEDFORD v. NEAL.

CONTRIBUTORY NEGLIGENCE.— *Freedom From.—Care.— Sidewalk.— Personal Injury.*—One who goes upon a sidewalk in the dark with knowledge of its unsafe condition must, to be free from contributory negligence, exercise care proportioned to the known danger and more than would be required had she been ignorant of the defect, or had it been daylight.

APPELLATE PROCEDURE.—*Reversal of Judgment.—Personal Injury.— Sidewalk.— Contributory Negligence.*— A verdict awarding the plaintiff damages for injuries received through the failure of a city to keep its sidewalks in a reasonably safe condition will be set aside on appeal, unless there is evidence showing that the plaintiff in passing over the sidewalk exercised reasonable care to avoid injury.

SAME.—*Rehearing.—Waiver.*—Ground for rehearing will be regarded as waived or abandoned when not supported by any argument or authority in the brief.

SAME.—*Rehearing.—Question First Raised on Motion For.—Bill of Exceptions.—Filing.*—The point that the transcript fails to show that the bill of exceptions was filed in the office of the clerk of the court below cannot be first raised on motion for rehearing.

From the Monroe Circuit Court.

*J. D. Alexander* and *W. H. Marten*, for appellant.

*Brooks & Brooks* and *Elliott & Elliott*, for appellee.

McCABE, J.—The appellee sued the appellant in the Lawrence Circuit Court, to recover damages on account of a personal injury received by her in falling down on a sidewalk in said city, which, it is alleged, the defendant negligently suffered to be and remain in an unsafe condition.

The venue was changed to the Monroe Circuit Court, where a trial of the issues formed resulted in a verdict for the plaintiff, assessing her damages at $5,000, upon which the court rendered judgment over appellant's motion for a new trial.

Error is assigned here on the action of the court in overruling appellant's demurrer to the complaint, its motion to quash the summons and its motion for a new trial.

Among the reasons assigned in the motion for a new trial are that the damages assessed are excessive; and that the verdict is contrary to law and not sustained by sufficient evidence.

There is evidence strongly tending to show that appellee had feigned and simulated that she had suffered more injury in consequence of her fall than she had in truth and in fact sustained. But that evidence was contradicted, and there was evidence sufficient to show that all the injury she claimed resulted from the accident had, in fact, directly resulted from her fall. The jury having settled that conflict in her favor, and the court having overruled the motion for a new trial, we cannot, under the long and well-established rule, dis-

turb their finding in that respect by reweighing the evidence.

But the appellant contends that the evidence does not support the verdict, because it fails to show that the appellee's negligence did not contribute to her injury; and, further, that it fails to show that the appellant was guilty of negligence in failing to keep the sidewalk in question in repair and in a reasonably safe condition for pedestrians to travel over. The sidewalk in question was made of planks nailed onto stringers—two stringers lying side by side on the sidewalk and running parallel therewith. The planks constituting the walk were laid close together across the stringers, and nailed thereto. The walk had got old and the boards were so warped by the sun that they turned up at the ends. From these causes many of these boards became loose from the stringers and would slip about on them, and sometimes would get clear off the stringers onto the grass at the side of the stringers or sidewalk.

The plaintiff passed over the walk during the day she received the injury she complained of, that being October 22, 1894. On the evening of the same day she and one Mrs. Hitt, with whom she was living, went from Mrs. Hitt's house down into town to the postoffice, and on their way passed over the walk in question, when the appellee saw it again. On their way back, about a half an hour after they had passed over the sidewalk, they came onto it again when it was about 7 o'clock in the evening and getting dark. The plaintiff being in front and Mrs. Hitt behind her, a loose board on the sidewalk, being stepped on by her, flew up and struck the plaintiff in the abdomen, causing her to fall down across the sidewalk in an unconscious condition. She was afterwards removed in a buggy to Mrs. Hitt's house. It appears that she knew all about the

condition of the sidewalk at the time she ventured upon it and received her fall and injury. The ground at the side of the walk was only about five or six inches lower than the board walk, and there was grass on the ground.

There is no evidence to show what degree of care she used to avoid danger in passing over the walk at the time she was injured. It is not enough for the plaintiff in such cases to prove the negligence of the defendant. The plaintiff must also prove that his own negligence or want of ordinary care did not contribute to bring about his own injury. *City of Plymouth* v. *Milner*, 117 Ind. 324. It is true it is the duty of a city to keep the streets and sidewalks thereof in a reasonably safe condition for travel. *City of Lafayette* v. *Larson*, 73 Ind. 367; *City of Huntington* v. *Breen*, 77 Ind. 29; *City of Washington* v. *Small*, 86 Ind. 462; *City of Aurora* v. *Bitner*, 100 Ind. 396; *City of Logansport* v. *Dick*, *Admx.*, 70 Ind. 65; *City of Crawfordsville* v. *Smith*, 79 Ind. 308; *Glantz* v. *City of South Bend*, 106 Ind. 305; *City of Goshen* v. *England*, 119 Ind. 368 (5 L. R. A. 253); *City of Michigan City* v. *Boeckling*, 122 Ind. 39; *City of Michigan City* v. *Ballance*, 123 Ind. 334; *City of Columbus* v. *Strassner*, 124 Ind. 482.

But that duty and obligation does not absolve the plaintiff from the duty and obligation to exercise ordinary care for his own safety. *Town of Gosport* v. *Evans*, 112 Ind. 133, and authorities there cited; *Bruker* v. *Town of Covington*, 69 Ind. 33; *President, etc.*, v. *Dusouchett*, 2 Ind. 586; *Riest* v. *City of Goshen*, 42 Ind. 339; *Jonesboro, etc., Co.* v. *Baldwin*, 57 Ind. 86; *City of Indianapolis* v. *Cook*, 99 Ind. 10.

As before stated, the appellee knew all about the defect in the sidewalk when she ventured upon it the

last time and in the dark, whereby she received her fall and injury. It is true that it is settled law in this court, that because one has knowledge that a highway or sidewalk is out of repair, or even dangerous, he is not therefore bound to forego travel upon such highway or sidewalk. *City of Huntington* v. *Breen, supra; Wilson* v. *Trafalgar, etc., Grav. R. Co.,* 83 Ind. 326; *Wilson* v. *Trafalgar, etc., Grav. R. Co.,* 93 Ind. 287; *Nave* v. *Flack,* 90 Ind. 205, s. c. 46 Am. Rep. 205; *City of South Bend* v. *Hardy,* 98 Ind. 577, s. c. 49 Am. Rep. 792; *Town of Albion* v. *Hetrick,* 90 Ind. 545, s. c. 46 Am. Rep. 230; *Turner* v. *Buchanan,* 82 Ind. 147, s. c. 42 Am. Rep. 485.

But the doctrine to be extracted from these cases is that a person with knowledge of the defect or danger must, in attempting to pass, exercise care proportioned to the known danger to avoid injury. And as a consequence, the appellee in the case before us having knowledge of the defective and unsafe condition of the sidewalk when she entered upon it the last time in the dark, she was required to exercise more care than she would have been required to exercise had she been ignorant of the defect, or there had been no defect and it had been daylight. *City of Huntington* v. *Breen, supra; Town of Gosport* v. *Evans, supra; City of Indianapolis* v. *Cook, supra; City of Richmond* v. *Mulholland,* 116 Ind. 173; *City of Fort Wayne* v. *Breese,* 123 Ind. 581; *City of Columbus* v. *Strassner, supra.*

It is true the appellee was only required to exercise ordinary care under the circumstances to exculpate her from the charge of contributory negligence.

No one can be charged with negligence contributing to his own injury who exercises ordinary care under all the circumstances to avoid the same. Ordinary care, however, is a relative term. What would be ordinary

care under one set of circumstances might be. gross negligence under a different set of circumstances. Therefore, what would constitute ordinary care to avoid injury in passing over a defective and unsafe sidewalk in the dark by one ignorant of its defective and unsafe condition would not constitute ordinary care in one thus passing who had knowledge of its defective and unsafe condition. There is not a particle of evidence that the appellee used any care to avoid the accident or harm to herself. Nor is there any evidence that she used her knowledge of the defective or unsafe condition of the sidewalk to avoid injury to herself. There was, therefore, a total lack of evidence to establish one of the indispensable elements of the plaintiff's cause of action, namely, that the plaintiff's negligence or failure to exercise ordinary care under the circumstances for her safety did not contribute to bring about her injury. The jury had no right to infer the existence of that fact without proof. *Cincinnati, etc., R. W. Co.* v. *Howard,* 124 Ind. 280 (8 L. R. A. 593).

Moreover, the evidence comes very nearly establishing without a conflict that the appellant was not guilty of negligence.

The evidence overwhelmingly establishes that the sidewalk in question was suffered to be and remain out of repair, as above indicated, for a long time previous to the injury complained of. The uncontradicted evidence shows that complaints of the unsafe condition of the sidewalk had been brought home to the city authorities, and that they caused it to be repaired by nailing down the loose boards and supplying the missing ones and nailing them down securely; and that a few days before the accident a boy lost some money by its falling through the cracks in the sidewalk; and that his father and another boy had torn up the sidewalk by

prying loose a number of boards in search of the lost money. This occurred only two or three days before appellant's injury. There was no evidence to show that the city authorities had received any notice of these depredations before the appellant's injury.

Conceding that the city would not be liable without such notice, appellee's learned counsel contend that this evidence of repair is overwhelmingly contradicted by the witnesses on behalf of the appellee. As we construe their testimony, there was no such overwhelming contradiction of repairs.

They were all testifying as to the general condition of the sidewalk, and that it had for a long time been out of repair; not that such repairs had not in fact been made. But there may be one witness that denied that any repairs had been made. But, as the judgment must be reversed for the failure to prove the appellee's freedom from contributory negligence, we will refrain from any further comment on the evidence as to the appellant's negligence.

We have examined the complaint, and are of opinion that the circuit court did not err in overruling the demurrer thereto.

The trial court erred in overruling the appellant's motion for a new trial. The judgment is reversed and the cause remanded with instructions to grant appellant's motion for a new trial.

Filed November 19, 1895.

## On Petition for Rehearing.

McCabe, J.—An earnest petition for a rehearing of this cause, supported by able briefs, is presented. The grounds stated in the petition, are:

"1st. The court erred in treating the alleged bill of exceptions as in the record.

"2d.   The court erred in failing to notice the point made in appellee's brief that there is no bill of exceptions in the record.

"3d.   The court erred in holding that a new trial should have been granted on the ground that the evidence does not show that the appellee was free from contributory negligence."

The last ground is not supported by any argument or authority cited in the brief.   It must therefore be regarded as waived or abandoned.   As to the other grounds specified, we have to say that the appellee's counsel fully and exhaustively argued the questions involved in the motion for a new trial and the evidence, without making the slightest objection to the validity of the bill of exceptions or that it was not properly in the record.

And consequently we followed the able argument of counsel on both sides, on the evidence, without a hint from either side as to any question about the validity of the bill of exceptions, or that it was not properly in the record and decided the case, though the opinion was not handed down before any brief was filed raising any question about the bill of exceptions.   Five or six days after the opinion was prepared, and the case decided, there was filed a paper called a brief, consisting of about a quarter of a page, claiming that the transcript does not show that the bill of exceptions had been filed in the clerk's office of the court below.

We treated the paper as if it was on a petition for a rehearing, raising a point that had not been before raised.

The case had been fully discussed and decided without the point having been raised, and we then declined to examine into the record to see whether the point made was supported by the record or not.   And we

now decline to do so for the same reason.   The case having been decided before the point was raised, it was too late to raise it then, and it is too late to raise it now.   It comes precisely the same as if it were raised for the first time on the petition for a rehearing.   And it has been so often decided that a point made for the first time on a petition for a rehearing will not be considered, that it is useless to cite the cases.   The rules of this court are made largely to facilitate its labors.

The court might be required to decide a case a half dozen times if its rules permitted counsel to present new questions after the cause has been decided.   For these reasons the petition is overruled.

Filed January 24, 1896.