Hillsborough,) No. 3740.
June 1, 1948.)

ALICE SAYFIE

*v.*

LOUIS GORDON, *d. b. a.* Gordon's Furniture Company.

*Sheehan, Phinney & Bass (Mr. Phinney orally), for the plaintiff.*

*Paul E. Nourie* and *Frederick W. Branch (Mr. Nourie orally), for
the defendant.*

JOHNSTON, J. If reasonable men could find that the accident
would not have happened but for construction that was faulty in that
the handle and the latch were placed too near to the door jamb, then
causation was a jury question. The plaintiff testified that her hand
was on the handle and her thumb on the latch. Her expert, said that
for purposes of safety the standard lock was too small in size resulting
in the handle and the latch being a quarter or a half inch too near the
edge of the door. Under these circumstances it could reasonably be
found that if they had been that much farther from the jamb, the
index finger would not have been injured. "When it is shown that
causes calculated to produce a certain result were in operation at a

given time, it is a permissible inference that the natural result in fact followed." *Maravas* v. *Corporation*, 82 N. H. 533, 540. See also, *Emery* v. *Company*, 89 N. H. 165, 167.

The defendant argues that in the exercise of due care he was bound to foresee only what an ordinary man of average prudence would have anticipated. He placed in evidence that during the nine years of his occupation of the store, nine to ten thousand people had used the door without accident. The duty of anticipation is stated in *Tullgren* v. *Company*, 82 N. H. 268, 276, as follows: "If there is some probability of harm sufficiently serious that ordinary men would take precautions to avoid it, then failure to do so is negligence." The law relied on by the defendant is quoted from 38 Am. Jur. 669: "If a thing is generally supposed to be universally harmless and only a specialist would foresee that, in a given case, it would do damage, a person who did not foresee it and who had no warning, would not be held liable for the harm."

Whether the circumstances were such as to require that the defendant inform himself upon a matter requiring special knowledge (See *Gobrecht* v. *Beckwith*, 82 N. H. 415, 420; Restatement, Torts, *s.* 343, comments *d-f*), need not be considered in order to dispose of the defendant's exceptions. It cannot be ruled as a matter of law that the danger of the position of the handle would be foreseen by "only a specialist." Here we are not concerned with a peculiar property or characteristic of a substance that would be known only to one with special training or experience. The factors of the problem are the size of the human hand and a distance from peril of one or two inches or slightly more. These are matters that a non-expert may correctly appraise. The fact that a builder was called in to testify for the plaintiff and to aid in her claim does not mean that the opinion of such was indispensable to the defendant's anticipation of the need of alterations. The application of the above stated principle of law should be left to the jury. It is within their province to determine whether the defendant, not being an expert, should have realized the danger.

Whether the defendant as an ordinary person of average prudence should have anticipated that injury might result from the location of the handle and the latch and so made the necessary alterations were issues of fact for the jury. It cannot be said that no reasonable person would so find. *Roy* v. *Amoskeag Fabrics*, 93 N. H. 324. The fact that thousands have used the door over a period of years without mishap may be strong and persuasive evidence of no liability but the

evidence is for the jury. "If the place was actually dangerous, then the fact that others had used it and escaped unhurt would not relieve the appellants from liability." *Nave* v. *Flack*, 90 Ind. 205, 209. See also, Morris, Proof of Safety History in Negligence Cases, 61 Harv. Law Rev. 205, 236. In other words, a good safety record is entitled to such weight as the trier sees fit to give it, but it does not compel as a matter of right a directed verdict for the defendant if there is evidence from which it can be found that the latter should have foreseen the risk. The motions for a nonsuit and for a directed verdict were properly denied.

*Exceptions overruled.*

BRANCH, C. J., did not sit: the others concurred.