No. 9695.

THE HENRY COUNTY TURNPIKE COMPANY *v.* JACKSON.

NEGLIGENCE.— *Personal Injury on Account of Defective Turnpike.*—That a traveller had previous knowledge of the dangerous condition of a turnpike will not, alone, prevent him from recovering for injuries incurred in consequence of such dangerous condition. Reasonable care by him to avoid injury does not necessarily mean that he shall forego travel over places known to be dangerous, unless such travel is inconsistent with reasonable prudence.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy,* for appellant.
*J. Brown,* for appellee.

BLACK, C.—This was an action to recover damages for an injury to the person of the appellee, occasioned by a defect in the appellant's turnpike, while the appellee was travelling thereon.   There was an answer of general denial, and the issue thus formed was tried by a jury.   The verdict was in favor of the appellee.   Appellant moved for a new trial.   The motion was overruled, and judgment was rendered on the verdict.   The overruling of the motion for a new trial is assigned as error.

Counsel have argued the questions whether the verdict was sustained by sufficient evidence, and whether the court erred in refusing to give to the jury certain instructions asked by appellant.

Appellee's injury was caused by the overturning of his buggy, in which he was driving on appellant's road, at a place where the road was crossed by a culvert.   There was evidence that the general width of the turnpike on its surface was from eighteen to twenty feet; that at the culvert, and for some distance either way from it along the highway, there was a "fill," the grade at the culvert being about twelve feet high, and, as originally made, from sixteen to seventeen feet wide on the surface; that at each end of the culvert the earth had caved in or washed out; that in the middle of the road, over the culvert, there was a depression, and the road slanted toward the south side; that the space on which vehicles might be and were driven over the culvert was from eight feet to nine feet wide, and a person driving over it "had to make a straight drive, or go off"; and that there was no safe way to drive around the culvert.   When the head of appellee's horse was about even with the culvert, he shied toward the south, and the buggy ran into the excavation on that side, and was overturned, and appellee was injured, as alleged in his complaint.   The cause of the horse's fright was not certainly stated, but there was evidence from which the jury might

have inferred that it was the noise of bubbling water. The horse did not go down the embankment. There was evidence that the horse was gentle.

The culvert had been in its bad condition for several months, and appellant, during all that time, had notice of its condition, and kept a toll-gate near by, where tolls were collected from travellers.

Appellee had frequently driven over the culvert while it was in that condition, and he considered the place dangerous. For some time before he was injured he had been careful in driving over this place. He thought there was danger that his buggy might sink down or go over at either end of the culvert. Appellee's injury occurred between nine and ten o'clock in the morning. There was evidence from which the jury might have found that, at the time of the injury, appellee was driving carefully, with a view to the dangerous condition of the road.

It is insisted, on behalf of appellant, that, as the evidence showed that appellee had previous knowledge of the defect in the highway which caused his injury, he could not recover; and that the court should have given the instructions asked, which, in different forms, stated that if appellee had such knowledge he could not recover.

We need not take space to review the authorities on the question thus proposed by counsel, for it has been decided by this court, in several recent cases, contrary to the position taken by appellant's counsel. See *Toledo, etc., R. W. Co.* v. *Brannagan*, 75 Ind. 490 ; *City of Huntington* v. *Breen*, 77 Ind. 29 ; *Murphy* v. *City of Indianapolis*, 83 Ind. 76 ; *Wilson* v. *Trafalgar, etc., Co.*, 83 Ind. 326.

These cases settle the doctrine in this State, in harmony with authorities elsewhere, that one is not required to forego travel on a highway merely because he knows it to be dangerous, or to show that, in the use of a highway known by him to be dangerous, he used extraordinary care to avoid an in-

jury, for which he seeks to recover damages; but he should be careful in proportion to the danger of which he has knowledge, and may proceed if it be consistent with reasonable prudence to do so; and it will generally be a question for the jury whether he used reasonable care, his knowledge of the defect in the highway being a circumstance to be considered with other circumstances in determining whether he used reasonable care.

Under the circumstances of this case, it would have been error to instruct, as asked by appellant, that appellee could not recover if he knew of the defect in the highway. The court instructed that the plaintiff was required to prove that he himself used ordinary care, and did not by any negligence of his contribute to the injury. If appellant desired an instruction upon the subject of appellee's previous knowledge, an instruction with proper qualifications should have been asked.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be, and it hereby is, affirmed, at appellant's costs.