JANE NICHOLAS *vs.* GEORGE H. PECK, Town Treasurer.

PROVIDENCE—MAY 16, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

When one is injured by a defect in a highway of which she had knowledge, and had been in the habit of avoiding when previously passing it, and such injury happens at a time when there is no difficulty in seeing the dangerous place, contributory negligence is to be inferred.

Although the question of contributory negligence is ordinarily for the jury, yet it may be inferred, as matter of law, when the evidence of it is sufficiently clear.

TRESPASS ON THE CASE for negligence in permitting a highway to be out of repair. Heard on the defendant's petition for a new trial.

MATTESON, C. J. The testimony shows that the plaintiff had frequently passed along the sidewalk where the accident occurred before the accident; that she was familiar, not only with the place, but with the stones projecting above the surface of the walk against which she struck her foot, and which caused her fall, and knew of their dangerous character; that these stones extended about a third of the way across the sidewalk; that the plaintiff had been in the habit of going around them when she had occasion to pass that way, instead of attempting to pass over them; that the accident happened soon after noon on a pleasant day, when there was no difficulty in seeing the stones; and no reason appears why the plaintiff, if she had been paying attention, might not have avoided the stones, as she had done on former occasions. In these circumstances, the necessary inference is that she stumbled over the stones because she was not looking for them, as she was bound to do if they were dangerous

and she knew of the danger.   Though ordinarily the question of contributory negligence is for the jury, we think the plaintiff's negligence is sufficiently clear for the court to hold that she was negligent as a matter of law.   *Ormsbee* v. *Boston & Providence Railroad Co.*, 14 R. I. 102; *Chaffee* v. *Old Colony Railroad Co.*, 17 R. I. 658; *Gaffney* v. *Inman Mfg. Co.*, 18 R. I. 781; *Gosport* v. *Evans*, 112 Ind. 133; *Richmond* v. *Courtney*, 32 Grat. 792.

The case is remitted to the Common Pleas Division with direction to enter judgment for the defendant for costs.

*Henry W. Hayes*, for plaintiff.

*Orrin L. Bosworth and William R. Tillinghast*, for defendant.