## CITY OF HUNTINGBURGH *v.* FIRST.

[No. 2,737.    Filed March 10, 1899.]

NEGLIGENCE.—*Defective Sidewalk.—Cities.*—In an action against a city for damages on account of personal injuries caused by a defective sidewalk, evidence that the defective condition of the walk was of common knowledge, was personally known by the marshal, and had been brought to the knowledge of the common council is sufficient to show negligence on the part of the city. *pp. 68, 69.*

SAME.—*Contributory Negligence.—Personal Injuries.*—Evidence that plaintiff was walking slowly and carefully along a sidewalk containing loose boards, looking for holes, and that the walk appeared smooth at the place of the accident is sufficient to show that she was proceeding cautiously. *pp. 69, 70.*

SAME.—*Knowledge of Danger.—Sidewalk.*—Knowledge that a sidewalk is dangerous does not make it negligence to use it cautiously, but makes it incumbent upon the traveler to use caution proportionate to the known danger. *p. 70.*

SAME.—*Knowledge of Danger.—Contributory Negligence.—When Question of Fact.*—In an action for an injury sustained by plaintiff while walking on a sidewalk known by her to be dangerous, the question as to plaintiff's negligence in attempting to use the sidewalk under such circumstances was properly submitted to the jury. *p. 70.*

INSTRUCTIONS.—*Negligence.—Personal Injury.—Knowledge of Danger.*—An instruction, in an action for a personal injury resulting from a defective sidewalk, to the effect that if plaintiff knew of the defects thereof she might use the walk provided she did so with care and caution rendered reasonably necessary by her knowledge of such defects is equivalent to informing the jury that plaintiff was required to exercise care proportionate to the known danger, and does not leave her conduct to conjecture. *pp. 71, 72.*

SAME.—*Evidence.—Weight.—Witnesses.—Credibility.—Impeachment.*—An instruction that in determining the weight to be given plaintiff's testimony, the jury should consider the evidence relative to her testimony on the former trial, and if they found contradictions in her testimony given in the two trials it was their province to determine on which occasion she was telling the truth, is not erroneous as assuming that there had been no impeachment of plaintiff as a witness, or invading the province of the jury in assuming that her testimony was entitled to full weight and credit, regardless of any contradicting statements. *p. 72.*

City of Huntingburgh v. First.

INSTRUCTIONS.—*Impeachment of Witness.*—It is not proper for the court in instructing the jury as to the weight to be given the testimony of a witness to inform them that the witness had been impeached. *p. 72.*

SAME.—*Credibility of Witness.*—It is not error to instruct the jury that the credibility of a witness may be determined from his testimony at the pending trial and at a former trial of the same cause. *pp. 72, 73.*

DAMAGES.—*Personal Injury.*—*Negligence.*—*Evidence.*—To warrant a recovery in an action for a personal injury caused by the alleged negligence of the defendant, it is necessary for plaintiff to prove by a fair preponderance of the evidence the negligence of the defendant, his injury, and his freedom from negligence contributing to the injury. *p. 73.*

INSTRUCTIONS.—*When Erroneous.*—An instruction which assumes a material fact not supported by the evidence is erroneous. *p. 75.*

APPEAL AND ERROR.—*Waiver.*—Assignments of error not discussed are waived. *p. 75.*

From the Warrick Circuit Court. *Affirmed.*

*John F. Tieman* and *Hatfield & Hatfield*, for appellant.

*W. E. Cox* and *Leo H. Fisher*, for appellee.

COMSTOCK, J.—This is the second appeal to this court. The former is reported as the *City of Huntingburgh* v. *First*, 15 Ind. App. 552. The action was begun in the Dubois Circuit Court, and upon change of venue tried in the Warrick Circuit Court. The complaint is in three paragraphs. They do not materially differ. In the first paragraph it is alleged that appellee, on the 25th day of October, 1893, was walking upon a certain board sidewalk on Washington street, in the city of Huntingburgh, on her way to church, in company with one Mary Lott; that her companion stepped upon one of the boards used in the construction of the walk, which had been permitted, on account of appellant's negligence, to become loose, when the board tipped, turned up at the opposite end thereof, and immediately in front and within a foot of appellee, just as she was in the act of stepping forward, when she, without any fault or negligence on her part, caught her foot under the board, stum-

bled, and fell down, receiving the injuries for which she sues.

The cause was put at issue by general denial. ' A trial by jury resulted in a verdict for appellee in the sum of $1,000. Appellant's motion for a new trial was overruled, and judgment rendered in favor of appellee on the verdict.

The only error assigned upon this appeal is the action of the court in overruling appellant's motion for a new trial. The first and second causes for a new trial question the sufficiency of the evidence to sustain the verdict of the jury; the third, fourth, and sixth causes relate to the giving and refusal to give to the jury certain instructions; the fifth, that the court erred in sending the jury out of the court room while the opinion of the Appellate Court, reversing judgment upon the former appeal, was being read to the court after the title of the cause had been read to the court in the presence of the jury.

In support of the first and second causes for a new trial appellant contends: (1) That there was "no evidence which tended to show such defect in such walk at the place where appellee fell as rendered the city liable to the imputation of actionable negligence." The evidence shows without contradiction that the walk on which appellee fell and received her injury was made of old boards or planks which had long been in use before being placed in the walk. They were from four to eight inches wide, five feet long, one inch thick, nailed upon three stringers laid upon the ground. The ends of the plank projected beyond the outside stringers. The stringers could not be seen when the planks were in place. Some of the planks were broken, some were wanting, and some were partly out of place on October 20, 1893, the date of the accident. The broken and misplaced planks could, of course, be readily seen, but, as testified to by a member of the council, one could not see that a plank was not nailed. The walk had been in this condition, as stated by various witnesses, from three months to two years prior to the date of

the accident. The walk was some 115 feet in length. Some parts of it were good; the good and bad alternating. A member of the council, who had been appointed to examine the sidewalks in other wards than the one in which he resided, examined this walk in the spring or early summer before the accident, and reported its condition to the council, with the recommendation that it be repaired. A witness testified that his wife had, upon the 17th of October, 1893, fallen on this walk at about the same place where appellee fell, from the tipping of a plank. One other witness testified that he had fallen on the same walk for the same cause; another that he had fallen, but it does not appear from the evidence how his fall was caused. The evidence referred to goes to the general condition of the walk. The appellee and a witness, who was going with her to church, testified to the condition of the walk at the particular place where the accident occurred. Mrs. Lott, the witness accompanying appellee, stepped upon the end of an unnailed plank. It rose, and appellee immediately walked against it, and was thus thrown to the ground. The condition of the particular plank is made clear. The evidence clearly shows the walk to have been for months in a defective condition, and that this condition was not only one of common knowledge, but was personally known to the town marshal, and had been brought to the knowledge of the town council of the city. It was such knowledge as called upon the appellant, in the exercise of ordinary diligence, to have repaired the entire walk. That the appellant was negligent there can be no question. Whether the walk was dangerous was a fact for the jury to determine. *City of Lafayette* v. *Weaver*, 92 Ind. 477; *City of Michigan City* v. *Boeckling*, 122 Ind. 39; *Glantz* v. *City of South Bend*, 106 Ind. 305.

Appellant's counsel next contend that there was no evidence tending to show that the appellee was exercising due care at the time she received the injury. Appellee testified that: "The walk was right good where I was walking. Some

loose planks out, and some loose pieces. * * * I was watching for holes. * * * The walk was nice and smooth, and, Mrs. Lott and me walking along, a plank came up and hit me across the foot. * * * I thought the planks were all nailed. * * * I walked carefully and slowly. I didn't think about anything but the pavement, and I was looking for holes, and all at once a plank came up, and caught my foot, and threw me down." Mrs. Lott, who was walking with appellee, testified as follows: "I was on the inside when the plank tipped up. It looked all right. We were walking slow, and I stepped on the plank, and it tipped up, and the planks at that place were looking smooth and nice. * * * Yes, I watched the plank, and, when I stepped on it, it came up, and tripped her. I did not know it would tip up." The knowledge that a sidewalk is dangerous does not make it negligence to use it cautiously. Knowledge of the defect makes it incumbent upon the traveler to use a caution proportionate to the known danger. *Toledo, etc., R. Co.* v. *Brannagan, Adm.*, 75 Ind. 490; *City of Huntington* v. *Breen*, 77 Ind. 29, 34; *City of Indianapolis* v. *Gaston*, 58 Ind. 224; *Town of Elkhart* v. *Ritter*, 66 Ind. 136; *Wilson* v. *Trafalgar, etc., Co.*, 83 Ind. 326; *Henry, etc., Co.* v. *Jackson*, 86 Ind. 111, 44 Am. R. 274; *City of South Bend* v. *Hardy*, 98 Ind. 577, 586, 49 Am. R. 792; *City of Richmond* v. *Mulholland*, 116 Ind. 173; *Board, etc.*, v. *Legg, Adm.*, 110 Ind. 479. The evidence shows that appellee was proceeding cautiously. Whether, under the circumstances, it was negligence for her to attempt to use the sidewalk was properly submitted to the jury.

Appellant's counsel next insist that the evidence, and especially that of appellee, fails to show that she had no knowledge of the dangerous condition of the sidewalk in question. It is apparent that the general condition of the walk was open to any person of ordinary observation. But appellant and Mrs. Lott testified, as we have seen, that the particular

City of Huntingburgh v. First.

part of the walk where the accident occurred appeared to be sound; that there was nothing to indicate that that plank was loose. Another witness testified that one could not see when a plank was not nailed. But, if, as announced in *Town of Boswell* v. *Wakley*, 149 Ind. 64, 71, cited by appellant, appellee's knowledge of the general condition of the sidewalk made her knowledge complete whether she knew the condition of the particular plank which caused the injury or not, she still, upon proper occasion, with due care, might use the walk without being guilty of contributory negligence. The condition of the walk called for its repair or renewal. This was known to appellant. As testified by a member of the common council, "the planks had served their time." Appellee testified that she was on her way to church, and going by the only street leading thereto from her home.

Appellant next complains of instruction number one given by the court of its own motion. It is as follows: "It is the general duty of the city to keep its sidewalks in a reasonably safe condition for use. If you find that the plaintiff knew that the walk in front of the Meeker property (the walk in question), on Washington street, had planks out in places, had rotten stringers, and was shackly, or was in any other way defective, the plaintiff might yet use the walk, provided she did so with care and caution, rendered reasonably necessary by her knowledge of such defects. If, while so using such walk, one side of a board was suddenly raised by her companion stepping on the other end, so that she fell and was injured, and was then exercising due care in view of her knowledge of all defects, and that the defendant knew of the defective condition of the walk, your finding should be for the plaintiff." Appellant claims that this instruction leaves plaintiff's conduct to conjecture, and that a finding by the jury under this instruction that the appellee was passing over the walk with care and caution "is not equivalent to finding that she was acting and proceeding

with ordinary care for her own safety commensurate with the danger to be encountered thereby." Further, that "the instruction is erroneous because it does not state what facts might constitute contributory negligence, nor does it instruct the jury as to the force and legal effect of the facts which may have been proved within the issues."

We think it cannot be said that this instruction leaves plaintiff's conduct to conjecture. The expression, "plaintiff might yet use the walk, provided she did so with care and caution, rendered reasonably necessary by her knowledge of such defects," is equivalent to informing the jury that appellee was required, in passing over the walk, known by her to be defective, to exercise a care proportioned to the known danger to avoid injury. Nor do we consider the instruction erroneous because it did not state what facts might constitute contributory negligence. Had appellant desired more particular instructions upon that point, it should have requested them.

In instruction two given by the court of its own motion, and excepted to by appellant, the court advised the jury that in determining the weight they would give to the testimony of the plaintiff they should consider the evidence relative to her testimony on the former trial, and if they found contradictions in her testimony given in the two trials, it was their province to determine on which occasion she was telling the truth. It is claimed that this instruction is erroneous, "because it assumes that there had been no impeachment of appellee as a witness by reason of any contradictory statements she may have made in the several trials of this cause, and invades the province of the jury in assuming that appellee's testimony is entitled to full weight and credit, regardless of any contradicting statements in her sworn testimony. We fail to see the assumption mentioned. It was not necessary nor proper for the court to say to the jury that appellee had been impeached. That was a fact for the jury to determine. It did instruct the jury that they were to de-

termine the credibility of her testimony from what she swore to upon both occasions. In this there was no error.

Instruction two given at the request of appellee and excepted to by appellant, informed the jury that the appellant had answered the complaint by a general denial; that, "under the issues thus formed, in order to entitle the plaintiff to recover, the burden is on her to prove by a preponderance of the evidence the material averments in at least one paragraph of her complaint,—that is to say, the plaintiff must prove that the city was guilty of negligence substantially as alleged, that the plaintiff fell and received some injury, and that her own negligence did not cause or contribute to the cause of the injury." The jury were told by this instruction that to warrant a recovery it was necessary for appellee to prove by a fair preponderance of the evidence the negligence of appellant, her injury, and her freedom from negligence contributing to the injury. It briefly stated the law.

Instruction three, given at the request of appellee, and excepted to, instructs the jury, in effect, that where a person sustains an injury upon a public walk by reason of known defects, using due care proportionate to the known danger, his going upon the walk is not contributory negligence when the walk is not necessarily impassable, or so obviously dangerous that ordinarily cautious persons would forego travel thereon. Appellant's learned counsel contend that this instruction ignores the doctrine laid down in the *Town of Gosport* v. *Evans*, 112 Ind. 133, in which Justice Mitchell, speaking for the court, on page 139 says: "If the defect in the pavement, which the plaintiff voluntarily encountered, presented an obstruction, or was of such a character that the town of Gosport was bound to take notice of it, so that it was guilty of negligence in not repairing it, the conclusion follows necessarily that the plaintiff, having full and equal knowledge of its character, was guilty of contributory negligence in venturing upon it, no matter how carefully she may have prepared for the encounter, nor with how much care

she went upon it. Her duty was to avoid the obstruction, or venture upon it at her own risk." In the case from which we have just quoted, the plaintiff was well acquainted with the defects in the walk, and had it in mind at the time, and attempted to pass over it in the night-time, when she received her injury. The court said that a person of mature years, and in the possession of all her faculties, deliberately walked into a place which, upon her hypothesis of the case, was one of known danger, and which she could have avoided by simply disengaging herself from, and following in the footsteps of her friend. Appellant's counsel cite a number of cases in which it appeared the injured party entered into a place of known danger without the exercise of care commensurate with the known danger, or under conditions where they could not use their natural senses.

In the case before us, while open defects were known to appellee, the one from which she received her injury was not apparent, and she was in the daytime proceeding slowly and carefully, and looking for defects.

The court, in *Town of Gosport* v. *Evans*, 112 Ind. 133, recognizes the doctrine that although a sidewalk or highway may be in an apparently dangerous condition, yet a person with a knowledge of the danger is not on that account to abandon travel upon such highway, if by the exercise of due care proportioned to the known danger he may reasonably expect to avoid the defect; citing, *City of Huntington* v. *Breen*, 77 Ind. 29; *Wilson* v. *Trafalgar, etc., Co.*, 83 Ind. 326; *Wilson* v. *Trafalgar, etc., Co.*, 93 Ind. 287; *Nave* v. *Flack*, 90 Ind. 205; *City of South Bend* v. *Hardy*, 98 Ind. 577; *Town of Albion* v. *Hetrick*, 90 Ind. 545; *Turner* v. *Buchanan*, 82 Ind. 147, 42 Am. R. 485.

The court refused to give instructions numbered two and six requested by appellant, to which refusal exceptions were taken. In brief, they are to the effect that if the appellee knew of the defective condition of the sidewalk as did the

City of Huntingburgh *v.* First.

city, and voluntarily went upon it with such knowledge, she could not recover. These instructions were properly refused. It was for the jury to determine from the evidence whether, under all the evidence, appellee was free from contributory negligence.

Appellant requested the court to instruct the jury that "a person cannot voluntarily encounter a well known danger, and then maintain an action for damages for injury thus received, for the reason that the law requires them to be without fault themselves. Therefore, if the city was negligent in allowing the walk to get out of repair so that it was unsafe or dangerous to travel on it, and the plaintiff, Mrs. First, was also guilty of carelessness in going on said walk because she knew of its unsafe condition, then she cannot recover, because her negligence contributed to bring about the injury complained of." The court modified the instruction by the insertion before the word "voluntarily" the words "carelessly and," and the instruction thus modified, to which modification appellant excepted, was given. As modified, we think the instruction correctly stated the law. The instruction as requested is also faulty, as also are said instructions two and six requested by appellant, in assuming that appellee knew the defect from which she received her injury. She testified, as heretofore set out, that the walk appeared to be good, when in fact the plank that caused her fall was loose. She was on her guard as to obvious dangers. From the evidence, she did not have the knowledge which was brought to the appellant through its council and city marshal. It appears from the evidence that appellee walked slowly and carefully and looked. Ordinary prudence required nothing more.

The fifth reason for a new trial is not discussed, and, under the rule is waived. We find no error for which the judgment should be reversed. Judgment affirmed.