## CITY OF BEDFORD *v.* WOODY.

[No. 2,846. Filed May 18, 1899. Rehearing denied November 2, 1899.]

NEGLIGENCE.—*Pleading.*—*Contributory Negligence.*—*Municipal Corporations.*—*Defective Sidewalk.*—A general allegation of freedom from fault in a complaint for damages for a personal injury caused by a fall upon a defective sidewalk is not overcome by facts pleaded showing that the condition of the sidewalk was such that its defects could be observed by persons passing over it; as plaintiff was not required to forego travel upon it, and the degree of care used was a question for the jury.    *pp. 232, 233.*

SAME.—*Notice.*—*Instructions.*— *Municipal Corporations.*— *Defective Sidewalk.*—Available error cannot be predicated upon the action of the court in instructing the jury, in an action against a city for

damages arising from a defective sidewalk, to the effect that the notice of the defect, to be effective, might be to all or any of the city officers, where no attempt was made to prove actual notice, but the question was determined wholly from proof of constructive notice. *pp. 233, 234.*

JUDICIAL NOTICE.—*Incorporation of Cities.*—Courts take judicial notice of the incorporation of cities in this State. *p. 235.*

From the Lawrence Circuit Court. *Affirmed.*

*Thomas J. Brooks, William F. Brooks* and *H. P. Pearson,* for appellant.

*J. E. Boruff, C. C. Matson* and *Joseph Giles,* for appellee.

HENLEY, J.—This is an action for damages for an injury alleged to have been caused to appellee by a fall upon a defective sidewalk in the city of Bedford. Appellant's demurrer to the complaint for want of sufficient facts was overruled. There was an answer filed in general denial, a trial by jury, and verdict and judgment in favor of appellee.

Appellant has assigned as error the action of the lower court in overruling the demurrer to the complaint, the overruling of the motion for a new trial, and the overruling of appellant's motion for judgment in its favor on the special findings of the jury, notwithstanding the general verdict. It is the contention of counsel for appellant that the complaint is insufficient because the facts pleaded show appellee guilty of contributory negligence. The law is well settled that if the facts specially pleaded show the plaintiff to have been guilty of contributory negligence, such facts will overcome the general allegation of freedom from fault. It is the specific allegation of facts that controls in the construction of pleadings. *Ivens* v. *Cincinnati, etc., R. Co.,* 103 Ind. 27; *Western Union Tel. Co.* v. *Reed,* 96 Ind. 195; *Pennsylvania Co.* v. *Marion,* 104 Ind. 239. We do not think the facts pleaded show that appellee knew of the condition of the sidewalk. It is averred in the complaint that appellee had never before passed over the sidewalk upon which she fell and received the injury complained of. If the allegations of the

complaint show that the condition of the sidewalk was such that its defects could be observed by persons passing over it, still appellee was not compelled to forego traveling upon it; her duty, if she had knowledge of the danger in so doing, was to use care in proportion to the known danger, and the degree of care used is a question for the jury. *Board, etc.,* v. *Nichols,* 139 Ind. 611; *Town of Salem* v. *Walker,* 16 Ind. App. 687; *Board, etc.,* v. *Castetter,* 7 Ind. App. 309; *Henry Co., etc., Co.* v. *Jackson,* 86 Ind. 111, 44 Am. Rep. 274; *City of Huntington* v. *Burke,* 21 Ind. App. 655; *City of Huntingburgh* v. *First,* 22 Ind. App. 66. We think the complaint stated a cause of action against appellant.

In discussing the motion for a new trial, the overruling of which is assigned as error, counsel for appellant complain of the fifth, sixth, and eleventh instructions given to the jury. These instructions were upon the question of notice to the city of the defective condition of the sidewalk. The fifth instruction presents the question and is as follows: "The jury are instructed that, in this case, there can be no liability on the part of the defendant, unless there was a neglect of duty in respect to the repairing of the side-walks on the part of the officers of the city, and there can be no such neglect of duty, unless the jury find from the evidence that the officers of the city knew of the defects in the sidewalk complained of, or might with reasonable diligence have known of it, long enough before the accident occurred to have it repaired. The jury are instructed that when a party without the consent of the authorities of an incorporated city tear up and leave in a dangerous condition the sidewalk in said city, or place dangerous structures thereon or adjacent thereto, and a person is thereby injured, the city will not be liable for such injury, unless the authorities have actual notice of the dangerous condition of said sidewalk, or that it has remained in such a dangerous condition for a sufficient time so that in the exercise of ordinary care and diligence they ought to have notice

of the dangerous condition of said sidewalk." Appellant contends that by this instruction the court informed the jury, in effect, that the notice of the defect to be effective might be to all, or any, of the city officers. The instruction is subject to the objection urged against it. In other respects the law is correctly stated therein.

The same objection obtains to instructions numbered six and eleven. But appellant fails to show wherein it is harmed by the giving of said instructions; upon the other hand the record affirmatively shows that appellant was not harmed thereby. Appellee did not attempt to prove actual notice of the defective condition of the walk, but the evidence abundantly showed constructive notice upon the part of the appellant, and the answers to the interrogatories returned with the general verdict show that in so far as notice entered into the making of the verdict the jury determined the question wholly from the proof of constructive notice.

It was not error under the issues in this case to instruct the jury, as was done by the court, by instruction numbered three, "that appellant is a muncipal corporation." *Town of Thorntown* v. *Fugate*, 21 Ind. App. 537. Instruction numbered nine is not subject to the objection made to it by appellants' counsel.

The evidence in this case is conflicting. There is much evidence in the record going to sustain every material allegation of appellee's complaint; it comes to us unimpeached and with the indorsement of the trial court upon it, evidenced by its action in overruling the motion for a new trial.

We find no reversible error in the record. Judgment affirmed.