JANE NICHOLAS vs. GEORGE H. PECK, Town Treasurer.

PROVIDENCE—JULY 15, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Negligence. Due Care.*

Due care in the presence of a known danger is correlative. A condition that will charge one party with notice must charge the other equally. There is no gradation of peril which requires a court to say that deliberately walking into a known danger, without excuse, cannot be regarded as contributory negligence.

(2) *Contributory Negligence. Questions of Law and Fact.*

While, where there are facts from which different inferences could properly be drawn, the question of contributory negligence is for the jury, yet where the plaintiff's statement shows that there is nothing on which to base an inference of due care, it is a question for the court.

TRESPASS ON THE CASE for negligence in permitting a highway to be out of repair. Heard on petition of plaintiff for a re-argument of a petition of the defendant for a new trial, decided in 20 R. I. 533. Petition for re-argument denied.

STINESS, J. The plaintiff asks for a re-argument of the petition for a new trial, decided in 20 R. I. 533. The decision was based upon the undisputed fact that the alleged defect in the sidewalk was that some stones stood up where dirt had been washed from them near the fence on the line of the street; that the plaintiff knew about the stones and was so familiar with them that she was able at the trial to describe the one over which she stumbled, without having seen it afterwards; that there was ample room on the sidewalk— over two-thirds of its width—to have passed with perfect safety, and that the accident happened about noon of a bright day. Upon these facts, with nothing to show why she was walking near the fence, where she said she knew it was unsafe, rather than farther out where she knew it was safe, with nothing to distract her attention or confuse her judgment, we held that the necessary inference was that she

stumbled over the stones because she was not looking for them, as she was bound to do if they were dangerous and she knew of the danger, and hence that the verdict was against the evidence in the finding that she was in the exercise of due care.

The first point set out for a re-argument is that the question of the plaintiff's contributory negligence was not argued at the hearing. This is not so. Six pages of the defendant's brief, and the bulk of its argument, was on this very point. It is true that the plaintiff's counsel did not refer to it, possibly for the reason that there was nothing to say. At any rate, the point was made and what there was to say should have been said then.                        •

Another point is that this is not a case where contributory negligence should be determined by the court as a matter of law, because the peril was not of such great and unusual character as to amount to foolhardiness, like crossing a railroad track without looking, and cases of that kind. The opinion was based upon undisputed facts, which were not varied by any other facts, and in this way a question of law is clearly raised. The point comes to this: that there was danger enough to charge the town with negligence in not repairing the walk, but not danger enough to charge the plaintiff with negligence in walking over it when she knew (1) its condition. Under such circumstances due care is correlative. A condition that will charge one party with notice must charge the other equally, and there is no gradation of peril, such as is suggested, which requires a court to say that deliberately walking into a known danger, without excuse, cannot be regarded as contributory negligence.

Another point is that, as the question of contributory negligence was left to the jury without objection and decided by them, this court cannot nullify their action. In support of this proposition *Clarke* v. *Electric Lighting Co.*, 16 R. I. 463, is cited, in which this court said : " Generally the question of negligence is a question of fact to be determined by the jury ; but sometimes, when there is no controversy as to the facts, and when it clearly appears from them what course

a person of ordinary prudence would pursue, it is a question for the court." That is this case. The numerous other cases cited show that the plaintiff has overlooked the point of our decision, which was that the verdict was against the evidence. Nearly all of the cases cited were on exceptions, and, of course, a court does not say that a plaintiff was not in the exercise of due care, or that a verdict is against the evidence, on a bill of exceptions. In all of them there was some complication which called for the judgment of a jury, such as darkness, ice and snow, danger not apparent, a rotten board, the shying of a horse. In some cases there had been a non-suit, when the question should have been left to the jury as a question of prudence *under the circumstances.* The most that can be claimed in favor of the plaintiff from any of the cases is that it is not, as a matter of law, negligence *per se* for one to walk over a sidewalk, knowing its defective condition. But there is no case which holds that the bald fact of walking into a known danger in broad daylight, without necessity and without precaution, is not negligence *per se.* We do not question the correctness of the decisions cited. Substantially similar decisions may be found in our own reports, *e. g.: Rathbone* v. *Union Railroad Co.,* 13 R. I. 709 ; *Hampson* v. *Taylor,* 15 R. I. 83 ; *Clarke* v. *Electric Co., supra; Darling* v. *N. Y., P. & B. R. R. Co.,* 17 R. I. 708 ; *Elliot* v. *Newport Railway,* 18 R. I. 707. In the present case we decided that there was no evidence to warrant the jury in finding that the plaintiff was in the exercise of due care. It is now claimed that there was, because she testified that she was "trying to keep clear of the stones ; " and "to avoid them." If she tried to avoid the stones, why did she not ? There was nothing to hinder. She could have kept clear of them easily enough by a few steps to the middle or outer part of the walk. They were in plain sight, there was no exigency, no complication. By her own statement the only way in which she tried to avoid them was by walking over them. Under such circumstances testimony is not evidence. When a jury finds that one exercises due care when the plain facts show that it is not so, this court must

say that the verdict is against the evidence. It may be said that the jury is to draw the inference. That is true when there are facts from which different inferences may properly be drawn. But when the plaintiff's statement shows that there is nothing on which to base an inference of due care, it is the clear duty of the court to say so.

We think that the verdict on this point was clearly against the evidence. All the suggestions presented by the plaintiff were carefully considered in the decision, and in the light of the present review we see nothing to lead us to a different conclusion.

The petition for re-argument is therefore denied.

TILLINGHAST, J. (dissenting): When this case was previously before the court I reluctantly acquiesced in the opinion which was then given. Upon the re-argument of the case, however, I am so fully convinced that the decision was wrong that, with all due respect to the judgment of the majority, I must dissent therefrom.

Whether the plaintiff was guilty of contributory negligence in traveling on the highway, knowing of the existence of the defect, was a question of fact for the jury. They have decided this question in the negative, and there is evidence to sustain their finding.

The law is perfectly well settled that the mere fact that one knows of a defect in a highway does not prevent him from recovering for injuries sustained while traveling thereon. *Hampson* v. *Taylor*, 15 R. I. 89 ; *Bullock* v. *New York*, 99 N. Y., 654; *McGuinness* v. *Worcester*, 160 Mass. 272 ; *Griffin* v. *Auburn*, 58 N. H. 121 ; *Henry County Turnpike Co.* v. *Jackson*, 86 Ind. 111 ; *Chilton* v. *City of St. Joseph*, 44 S. W. Rep. 766 ; *McPherson* v. *Buffalo*, 43 N. Y. S. 658, and cases cited. The only effect which such knowledge has is to call for the exercise of a higher degree of care in using the highway than would be required if the existence of the defect was not known. If one knows that a highway is defective in a given locality, he is not thereby necessarily debarred from using it. Indeed, it may be and frequently is absolutely neces-

sary to use it in order to get to and from his home and attend to his business.    But when using it he must exercise care commensurate with the danger—such care as a prudent man would exercise in like circumstances.    And having done this, if he is injured, he is entitled to recover.    "The question is not, in any case, whether the traveler knew of the defect and might possibly have stopped or avoided it; but whether he had reasonable cause to think that he might escape from it by the means which he adopted, and used reasonable care in making the attempt."    *Thomas* v. *Telegraph Co.*, 100 Mass. 158. If, in a given case, it is perfectly clear that a man of ordinary prudence would not have done as the plaintiff did, or, in other words, if the conduct of the plaintiff was such as to necessarily show negligence on his part, it is proper for the court —indeed, is its duty—to give a binding instruction to the jury in favor of the defendant.    And in case this is not done, and there is a verdict for the plaintiff, the duty of the appellate court is to set it aside.    But if, on the other hand, there is uncertainty or doubt as to the question of contributory negligence, and the evidence is such that fair-minded men might honestly differ upon this question, the court, even though it might have found differently upon the evidence, has no right to interfere, but must allow the verdict of the jury to stand. And this is so even in cases where the facts are undisputed. *Rhoades* v. *Varney*, 91 Me. on p. 226; Beach. Contrib. Neg. § 450, and cases cited.    If there are inferences to be drawn, it is the province of the jury to draw them.    If there are probabilities to be considered, they are also for the jury.    In short, it is only when the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence becomes a question of law for the determination of the court.    *McLeod* v. *Ry. Co.*, 104 Ia. 142; *Railroad Co.* v. *Stout*, 17 Wall. 657; *Grand Trunk Ry Co.* v. *Ives*, 144 U. S. 417; *Richmond Ry. Co.* v. *Powers*, 149 U. S. 43; *Bunnell* v. *Bridge Co.*, 66 Conn. 24; *O'Neil* v. *Town of E. Winsor*, 63 Conn. 150; *Crites* v. *City of New Richmond*, 73 N. W. Rep. 322.    This doctrine has been repeatedly announced by this court (*Boss* v. *Prov. & Worcester R. R.*, 15

R. I. 149; *Hampson* v. *Taylor*, 15 R. I. 83; *Clark* v. *Electric Lt. Co.*, 16 R. I. 463; *Elliott* v. *Railway Co.*, 18 R. I. 711; *Sauthof* v. *Granger*, 19 R. I. 606) and, would seem to be as definitely settled as any principle in the law of negligence can be.

In the recent case of *Powell* v. *Ashland Iron & Steel Co.*, 98 Wis. 35, the court holds that unless the evidence conclusively shows contributory negligence on the part of the plaintiff, the case is exclusively for the jury.  Marshall, J., in delivering the opinion of the court, says : "The general rule is too firmly established and well understood to require discussion here, to the effect that unless the proof of contributory negligence is so clear and decisive as to leave no room for unbiased and impartial minds to come to any other conclusion, or, as it is sometimes said, so clear and conclusive as not to admit, reasonably, of any opposing inference in unbiased and unprejudiced minds, the proper inference to be drawn must be determined by the jury."  See also *Wood* v. *City of Danbury*, 43 Atl. Rep. 554; *Detroit Ry. Co.* v. *Van Steinburg*, 17 Mich. 99.

The evidence offered in the case at bar was not such as to necessarily show that the plaintiff was negligent.  It appears that the defect in the highway consisted of a washout, or depression, which was filled or partly filled with stones—that is, as I understand it, the earth had been washed away, leaving some stones bare in the depression or hollow.  The plaintiff knew of this defect, and testifies that she was endeavoring to avoid it; that just as she came near it a stone, which she had not before observed, caused her to stumble, and that in trying to recover herself she caught her foot against a hooked stone in said depression, which threw her and caused the injury complained of.  In view of testimony to this effect, it cannot properly be said that the *necessary* inference is that the plaintiff was guilty of contributory negligence.  The case was fully tried by able counsel.  Mr. Justice Douglas carefully and correctly instructed the jury upon the question of contributory negligence; it was not a case in which a nonsuit could properly have been granted or a verdict directed

by the court, and, the jury having found in favor of the plaintiff, I think the verdict should stand.   A verdict should not be set aside unless it is so palpably and manifestly wrong or so clearly against the evidence as to warrant the presumption that the jury was influenced by passion, prejudice, or other improper motives.   14 Ency. Pl. & Pr. 777 ; *Sweet v. Wood*, 18 R. I. 386.

*Henry W. Hayes*, for plaintiff.

*O. L. Bosworth and William R. Tillinghast*, for defendant.