## The Cleveland, Cincinnati, Chicago & St. Louis Railway Company *v.* Stewart.

[No. 19,977.   Filed October 7, 1903.]

Appeal.—*Evidence.*—*Review.*—Where on appeal the record shows competent evidence upon which the verdict may rest, the Supreme Court can not consider conflicting views of its weight and credibility, nor compare it with other evidence in the case which might justify a different conclusion. *p. 245.*

Same.—*Evidence.*—*Review.*—In reviewing the action of the trial court upon the denial of a motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict, the lack of evidence must be so clear and complete that it would have been the duty of the trial court, on proper request, to have directed a verdict for the party complaining of the decision. *p. 246.*

Railroads.—*Injury at Crossing.*—*Sufficiency of Evidence.*—As shown by the evidence, the plaintiff, possessed of all his faculties, was passing through a populous part of a city in an open buggy in the nighttime. The night was neither very light nor very dark. Upon approaching a point where the highway was intersected by seven railroad tracks, he stopped, looked each way, and listened for approaching trains. The view was partially obstructed by a telegraph pole, a derrick, fences, and a watchman's shanty. Plaintiff saw and heard a train near by blowing off steam, but he saw no train coming toward him, and heard no bell or noise indicating the approach of a train, and he started to cross. While passing over the crossing the horse and vehicle were struck by a locomotive and plaintiff was thrown to the ground and injured. The train which caused the injury was running at an unlawful speed. *Held,* that the evidence was sufficient to uphold the verdict. *pp. 243–248.*

Appeal.—*Instructions.*—*Review.*—*Briefs.*—An instruction will not be considered on appeal, where neither the instruction nor a succinct statement thereof has been set out in appellant's brief as required by rule twenty-two of the Supreme Court. *p. 248.*

From Clay Circuit Court; *P. O. Colliver,* Judge.

Action by John T. Stewart against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*G. A. Knight, E. H. Knight* and *T. C. Grooms,* for appellant.

*S. A. Hays* and *W. J. Beckett,* for appellee.

DOWLING, J.—The appellee recovered a judgment against the appellant for a personal injury sustained by him at a street crossing in the city of Indianapolis by reason of the alleged negligence of the appellant.

The railroad company appeals, and assigns for error the overruling of its motion for a new trial. The reasons for the motion discussed by counsel for appellant are: (1) That the verdict is not sustained by sufficient evidence; (2) that the court erred in giving instructions numbered six, seven, eight, and nine; and (3) that the answers of the jury to certain questions of fact were not sustained by sufficient evidence.

The material facts shown by the evidence were these: The appellee, a farmer living five miles from Indianapolis, thirty-eight years old, and having the use of all his faculties, was passing through the city in an open buggy, drawn by a gentle horse, between 11 and 12 o'clock on the night of May 24, 1899. The night was neither very light nor very dark. He drove south on Missouri street, one of the public streets of the city, to the point where that highway is intersected by seven railroad tracks, one of them, the first or north track, being used by the appellant. From the point of intersection eastward for several hundred feet the tracks were straight, or nearly so, and if the view were entirely unobstructed an engine or train approaching from the east could be seen and heard when several blocks or squares distant. The view was not wholly unobstructed,—a telephone pole, a derrick for hoisting machinery, fences near the tracks, and a watchman's shanty

interfered to some extent with the view of trains coming from the east. The appellee began to look and listen for trains when he was about one square north of the crossing. Before he started over the tracks, he stopped his horse some ten feet north of the first track, and looked both east and west, and listened for approaching trains, but saw and heard none. He observed one train east of Missouri street, moving eastward on one of the tracks, its locomotive blowing off steam and making considerable noise. Another engine was standing still at a point west of Missouri street. Appellee saw no train coming toward him, and heard no bell or noise indicating the approach of a train, and he started to cross the first track. Just as his horse was about to pass the north rail of the first track, appellee discovered a train near the switchman's shanty, some 120 feet distant, coming toward him, as he thought, at a speed of from twenty-five to thirty miles an hour. He then had not time to go back or to get across the track. His buggy was struck by the locomotive, his horse was knocked or dragged down under the pilot of the engine, and the appellee was thrown out of the buggy and injured. The train, consisting of a locomotive and seven cars, was a heavy one, and was stopped within a space of from twenty to thirty feet from the point of collision with the buggy. The headlight on the locomotive was burning, and the bell was operated by air and rung automatically. The train was running at the rate of from eight to twenty miles per hour, and was within the corporate limits of the city. An ordinance prohibited the running of trains in the city at a greater rate of speed than four miles per hour.

Counsel for appellant say in their brief: "The evidence in this case clearly discloses that appellee was guilty of gross contributory negligence in driving upon the railroad track in front of an approaching train, which could have been seen and heard by him in ample time to have avoided the collision if he had looked and listened attentively when

at a safe distance from the crossing, or if he had heeded what he might have seen and heard before driving upon the crossing."

In determining the question whether the trial court erred in holding that the evidence was sufficient to sustain the verdict, the power of this court is closely circumscribed by the rule that we can not weigh the evidence, which rule has been strictly adhered to in all previous cases. That question was in the first instance for the jury, and next for the judge of the trial court upon the motion for a new trial. Where error is assigned upon the denial of the motion, the question presented on appeal is not one of fact but of law. If there is competent evidence upon which the verdict may rest, this court can not consider conflicting views of its weight or credibility nor compare it with other evidence in the case which might justify a different conclusion. *Deal v. State,* 140 Ind. 354, 360.

In all the cases referred to by counsel for the appellant in which it is said that it is the duty of the court to set aside a verdict when it is against the weight of the evidence, the statement relates to the trial court, and not to this court on appeal. The rule by which this court is governed found forcible expression in *Ft. Wayne, etc., R. Co.* v. *Husselman,* 65 Ind. 73, 77, in which it is said: "Whether or not the evidence in any case is clear, or overwhelming, or conclusive, is a question for the jury trying the cause, and the judge presiding at such trial. When a jury have passed upon this question, and returned their verdict, and when the court, under whose eye and within whose hearing the evidence has been introduced and the cause has been tried, has refused to disturb the verdict upon the weight or sufficiency of the evidence, we are clearly of the opinion, that it is neither our province nor our duty to reverse the judgment of the trial court, merely because it may seem to us, from our reading of the record, that 'the evidence in support of the finding is clearly and overwhelmingly, or

conclusively contradicted.'" The jurisdiction of this court on appeal, as has been well said, is expressly limited to the correction of errors of law. *Deal* v. *State,* 140 Ind. 354, 358.

In reviewing the action of the trial court upon the denial of a motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict, the lack of evidence must be so clear and complete that it would have been the duty of the trial court, on proper request, to have directed a verdict for the party complaining of the decision.

In the case before us there are practically but two questions upon the evidence: Did the appellee exercise such care as a person of ordinary prudence would exercise under the same circumstances? Was the negligence of the appellant the proximate cause of the injury? The crossing, it may be conceded, was an unusually dangerous one. Missouri street was intersected by seven railroad tracks. The appellee was acquainted with the place, and knew that the tracks were there. As he drew near to the crossing he began to look and listen for trains while one square north of the first track. He stopped his horse when within ten feet of the first track, and again looked both east and west, but neither saw nor heard any train moving toward him. It is true that the evidence showed that the track eastward was straight, or nearly so, and that from certain positions a traveler could see several hundred feet along its line; but there was also proof, and a good deal of it, that there were obstacles which prevented or interfered with such view. It appears that there was a watchman's shanty only five feet from the north rail of the first track, 120 feet east of the Missouri street crossing. It was six and one-half feet wide and eight feet high. This structure was only six or seven feet from a large house described as the "harvester building." The witnesses also described certain high, close fences on Missouri street, and houses near to the line of the first track. It was further shown that a telephone pole,

a large derrick, and a pile of earth obstructed the view to some extent. One witness, Elza Perry, testified that he was in a road wagon about fifteen feet behind appellee just before the accident, and that he could not see the locomotive until it passed the watchman's shanty. William Sedam, another witness, swore that he was in the wagon with Perry, and that he did not see the locomotive until it was between the shanty and the crossing. The appellee, Perry, and Sedam testified that an engine and train were moving eastward on another track, and that this locomotive was making a noise by blowing off steam. Each of these witnesses thought that the train which struck the appellee was running at from twenty-five to thirty miles an hour.

That the appellee exercised some care and caution in attempting to cross the tracks was clearly proved. With a mass of testimony of this character it is impossible for us to say that there was no evidence from which the jury were authorized to find, as they did, that the appellee exercised care proportionate to the known dangers of the situation, and that it was entirely possible that the obstacles referred to prevented him from seeing the train until it was too near him to permit advance or retreat. So, too, we can not declare that the jury erred in their conclusion that the noise of the escaping steam from another locomotive, and the movement of another train, and the ringing of bells on other engines, prevented appellee from hearing the noise made by the train which struck him. The proof that the train was running at an unlawful rate of speed is uncontradicted. Taking all the evidence together, we can not say that, if the appellee had looked, he must have seen, and if he had listened, he must have heard the approaching train. By their verdict, the jury found that the proximate cause of the accident and injury was the negligence of the appellant in failing to keep a proper lookout on its train, and in running the train at a dangerous rate

of speed in excess of the limit fixed by the city ordinance. Whether the appellee exercised reasonable care was a proper question for the jury, and there was some evidence, at least, to sustain their conclusion that he did exercise such care. Under the circumstances it would have been error if the court had directed a verdict for the appellant, and for similar reasons we can not say that the verdict is unsupported by the evidence. Thompson, Negligence (2d ed.), §1487; *City of Huntingburgh* v. *First,* 22 Ind. App. 66; *City of Bedford* v. *Woody,* 23 Ind. App. 231; *City of Bluffton* v. *McAfee,* 23 Ind. App. 112; *City of Bedford* v. *Neal,* 143 Ind. 425; *Sale* v. *Aurora, etc., Turnpike Co.,* 147 Ind. 324; *Wabash R. Co.* v. *Biddle,* 27 Ind. App. 161; *Indianapolis Union R. Co.* v. *Boettcher,* 131 Ind. 82; *Thomas* v. *Hoosier Stone Co.,* 140 Ind. 518; *Bonebrake* v. *Board, etc.,* 141 Ind. 62; *Deal* v. *State,* 140 Ind. 354; *Rarick* v. *Ulmer,* 144 Ind. 25.

The answers of the jury to the questions of fact submitted to them were sustained by the evidence, and all of them were not only consistent with the general verdict, but tend strongly to support it.

Counsel for appellant have failed to set out in their brief any of the instructions to which they object, or a succinct statement thereof, as required by rule twenty-two of this court, and for that reason we can not consider them. However, we have read all the instructions given, and were those objected to before us, we could not hold that, taken in connection with the other instructions given to the jury, they contained any misdirection which would authorize us to reverse the judgment.

We find no error. Judgment affirmed.