ELISA MONTVAL DE CUEVAS, Plaintiff and Appellee, *v.* LÓPEZ HERMANOS, *S. en C.*, Defendant and Appellant.

No. 4751. Argued December 6, 1929.—Decided July 24, 1930.

438

*Feliú & La Costa* for appellant. *J. Henri Brown, C. Ruiz Nazario* and *G. E. González* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The first, third, and sixth grounds of appeal are that the district court erred in finding that the injury received by plaintiff was caused by the entanglement of her feet in a piece of wire from defendant's factory; in finding that defendant was guilty of negligence; and in deciding the conflict of evidence in favor of plaintiff. A reading of the brief and of the stenographic record has convinced us that none of these three grounds is tenable.

The second ground of appeal is that the district court erred in finding that the piece of wire in question had been negligently thrown into the street by an employee of the defendant while acting within the scope of his employment. In support of this contention many cases are discussed or cited by appellant.

In the instant case the employee in question was engaged in making boxes from shooks bound with wire. He used more than a hundred shooks a day, and from each shook removed two or three pieces of wire. This wire he threw on the sidewalk or into the gutter adjoining the sidewalk near the place

where he was at work. There was some testimony tending to show that he had received instructions to remove this wire from the sidewalk or from the gutter, at the end of a day's work, or at other convenient interval, and to place it in a corral near the factory. Whether these instructions were disobeyed or carelessly carried out is unimportant. None of the cases cited by appellant goes so far as to hold that the giving of such instructions is a good defense to an action for personal injuries due to the negligence of an employee in carrying out such instructions, or to his disobedience thereof.

At the time of the accident, according to the testimony of one witness, there was a truck load of wire in the corral, and enough to make a cartload, or more, scattered about over the street. In any event, the street was cluttered with wire in pieces and in tangled masses, and the evidence as a whole leaves little room for doubt that this condition was due to the negligence of the employee above mentioned while acting within the scope of his employment.

The fourth and seventh grounds of appeal are that the district court erred in overruling a motion for nonsuit, and in not finding that plaintiff was guilty of contributory negligence, or that she assumed the risk of using the street.

The motion for nonsuit was based on nine grounds. Those enumerated under the letters (b) to (f) inclusive and under the letter (i) refer to questions of fact discussed by appellant in connection with the first, second and third grounds of appeal. This aspect of the motion for nonsuit, as presented in the brief for appellant, does not demand further consideration. Grounds (g) and (h) of the motion for nonsuit refer to the question of contributory negligence and to the question of assumptional risk, relied upon as the seventh ground of appeal. Ground (a) of the motion for nonsuit, which is the only phase of the fourth ground of appeal separately discussed by appellant, goes to the sufficiency of the complaint. Conceding for the sake of argument, that the complaint was

defective, the omissions complained of were supplied by the evidence.

In the sixth paragraph of the answer, following a denial of negligence, defendant says that "if any accident had been suffered by the plaintiff on the date and place alleged by the complaint, it was due solely and exclusively to the fault and negligence of the plaintiff herself by walking along the said supposed street." This is the nearest approach to an averment of contributory negligence as a defense.

In the course of the argument appellant cites the following authorities: 43 C. J. 1076, sec. 1850; 5 Thompson Com. on the Law of Negligence, 1905 ed., sec. 6241; *Southern Ry. Co.* v. *Rowe*, 59 S. E. 462; *Bridgford* v. *Stewart, etc.* 231 S. W. 22; *Mullon* v. *Sensenbrenner, etc.*, 260 S. W. 982; *Ryan* v. *Foster*, 21 L.R.A. (N.S.) 969; *Hausman* v. *Madison*, 21 L.R.A. 263, 277, 278; *Gryning* v. *Philadelphia*, 13 A.L.R. 71; *Lerner* v. *Philadelphia*, 21 L.R.A. (N.S.) 614; *Nicholas* v. *Peck*, 40 Atl. 418; 43 Atl. 1038; *Kennedy* v. *City of Pittsburgh*, 79 Atl. 550.

Plaintiff lived on the street in question. It was a public thoroughfare. It was the best and most convenient way to her home. She was on her way home at the time of the injury, and was not guilty of contributory negligence as a matter of law in using the street. 29 C. J. 700, sec. 463; *Henry County Turnpike Co.* v. *Jackson*, 86 Ind. 111, 44 Am. Rep. 274, 276 and note; 13 A.L.R. pp. 79 to 82, Par. V; *Klepper* v. *Seymour House Corp.* (1927) 26 N. Y. 85, 158 N. E. 29, 62 A.L.R. 955; *Mosheuvel* v. *District of Columbia*, 191 U. S. 247–266.

When defendant attempted to show that plaintiff was wearing high-heeled shoes at the time of her fall, counsel for plaintiff objected on the ground that contributory negligence had not been pleaded as a defense. This objection was met by a statement that the purpose of the inquiry was to impeach the credibility of plaintiff, an elderly but active woman,

who had testified that she wore low-heeled shoes. If the attention of the trial judge was directed in any other way or at any other time to any act of contributory negligence other than the act specified in the sixth averment and in grounds (g) and (h) of the motion for nonsuit, that fact is not brought out in the brief.

The answer had been drawn upon the theory that the street in question was not a public thoroughfare. For the sake of argument it may be conceded without holding that the sixth averment of the answer was sufficient to inform the trial judge of an intention to rely upon contributory negligence as a defense, and to require of him a finding in this regard.

The case was submitted on briefs in the court below. The trial judge in his statement of the case and opinion formulates the contention of defendant thus: "(a) that if such wires were on the street, said circumstance was known to the plaintiff and she could have avoided the fall; and (b) that proximate and parallel to the street where the plaintiff resided there were two other streets which the plaintiff might have used." The court held that plaintiff's knowledge of the condition of a street on which she lived and through which she must pass in order to reach her home did not establish the fact of contributory negligence, and that plaintiff had a right to use the street in question notwithstanding the existence of other streets parallel thereto in the same neighborhood. This is followed by a finding that plaintiff was not guilty of contributory negligence. There was no manifest error in such finding nor in the overruling of the motion for nonsuit.

The fifth contention of appellant is that the district court erred in not permitting defendant to prove certain statements, said to have been made by a witness for plaintiff, with a view to impeachment. Neither the witness nor the court below had any inkling of what the witness was supposed to have said on the occasion in question. The witness had been asked whether or not she had had a conversation with a

certain person at a specified time and place. The witness had answered that she did not remember. No effort was made to refresh her memory. No adequate foundation had been laid, and the evidence was properly refused.

The eighth contention of appellant is that the district court erred in rendering judgment for plaintiff. It is submitted by appellant as a corollary of the preceding propositions, and need not be separately discussed.

The ninth and last contention is that the district court erred in awarding costs to plaintiff. We find no abuse of discretion in the award so made.

The judgment appealed from must be affirmed.

Mr. Chief Justice del Toro took no part in the decision of this case.